# United States Court of Appeals

## For the First Circuit

No. 02-1789

UNITED STATES OF AMERICA,

Appellee,

v.

MURRAY SPAULDING,

Defendant, Appellant.


APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]


Before

Selya, Circuit Judge,

R. Arnold,[*] Senior Circuit Judge,

and Lipez, Circuit Judge.


Ann E. Johnston, for appellant.
Margaret D. McGaughey, Assistant United States Attorney, with whom Paula D. Silsby, United States Attorney, was on brief for appellee.


August 4, 2003


---

[*]Of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

**R. ARNOLD**, <u>**Senior Circuit Judge**</u>.  This is an appeal from a sentence imposed upon Murray Spaulding after he pleaded guilty to certain drug offenses.  The question raised on this appeal is whether two of Mr. Spaulding's prior convictions should have been excluded when the District Court was tallying his criminal-history score.  Mr. Spaulding argues that they should have been excluded because they qualify as crimes "similar to" two offenses that United States Sentencing Guideline § 4A1.2(c)(1) explicitly excludes from being counted.  We conclude that Mr. Spaulding's convictions are not "similar to" any listed offenses, and we affirm.

### I.

Mr. Spaulding was the target of a government drug operation.  He sold a large quantity of cocaine to a confidential informant over an extended time period.  He pleaded guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and five counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).  He was sentenced to the statutory minimum 60 months' imprisonment, five years of supervised release, a fine of $3000, and a special assessment of $600.  Mr. Spaulding objected to this sentence at the time of sentencing, maintaining that he is entitled to "safety valve" relief under 18 U.S.C. § 3553(f), which allows a district court to

sentence a defendant below the statutory minimum if, among other things, the defendant falls within Criminal History Category I. The crux of Mr. Spaulding's argument is that two of his prior convictions--shoplifting and violating a condition of release--were improperly counted toward his criminal history. He argues that they should have been excluded under § 4A1.2(c)(1) because they are "similar to" crimes listed therein. The District Court rejected this argument, concluding that Mr. Spaulding fell into Criminal History Category II and was, therefore, ineligible for "safety valve" relief.

II.

Whether a crime is "similar to" a crime listed in § 4A1.2(c)(1) is a question of law, and we therefore review the District Court's decision de novo. See United States v. Palmer, 203 F.3d 55, 60 (1st Cir. 2000).

All parties agree that Mr. Spaulding is entitled to "safety valve" relief from the statutory minimum sentence only if either his conviction for shoplifting or his conviction for violating a court protective order is excluded from his criminal history under U.S.S.G. § 4A1.2(c)(1). Under U.S.S.G. § 4A1.2(c), "Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, except as follows: (1) sentences for the following prior offenses and offenses similar to them, by any name they are known," are generally not counted.

-3-

U.S.S.G. § 4A1.2(c).  The Guideline then lists a number of offenses which are not to be counted including convictions for insufficient funds checks and disorderly conduct.

Mr. Spaulding does not allege that either of the crimes at issue in this case is included in the list of excluded offenses. Instead, he argues that his crimes are "similar to" certain listed offenses, so they should have been excluded from his criminal-history score.  In United States v. Unger, this Court concluded that to determine whether a conviction is "similar to" a listed offense, we look to the substance of the offense rather than the name of the offense and eschew any state-law classifications.  915 F.2d 759, 763 (1st Cir. 1990).[1]  Determining whether two crimes are similar necessarily requires us to begin by looking to the elements of the two offenses.  Although the elements need not match exactly, two crimes cannot be termed "similar" if they involve wholly different elements.  At the same time, such things as the relative danger posed by each crime and the risk of recidivism displayed by each crime are relevant in deciding whether a crime is "similar to" a listed offense.

Mr. Spaulding argues that his conviction for theft, a shoplifting charge for theft of products valued at approximately $21, should be excluded because it is similar to an insufficient_-

---

[1]Unger was about § 4A1.2(c)(2) rather than §4A1.2(c)(1), but it is relevant nevertheless, because "similar to" is the same phrase in both provisions.

funds check — a listed offense.  This argument has some initial appeal as both crimes involve theft.  We do not believe that the two crimes are sufficiently similar to exclude shoplifting under § 4A1.2(c)(1), however, because shoplifting poses a markedly greater risk to the public.  Passing a bad check poses little risk of physical confrontation, because the perpetrator is not present when the victim realizes that he has been victimized.  Shoplifting, on the other hand, creates the very real risk of physical confrontation between the perpetrator and the victim.  A store employee or customer may confront the perpetrator in an attempt to thwart the crime.  This risk of confrontation precludes a conclusion that shoplifting is "similar to" passing a bad check.  Thus, the District Court did not err in counting Mr. Spaulding's conviction for theft in calculating his criminal-history score.

Mr. Spaulding likewise argues that his conviction for violation of his conditions of release should have been excluded because it is "similar to" the listed offense of disorderly conduct.  Mr. Spaulding's offense conduct involved his making contact with his ex-wife, in violation of both a protective order that she had obtained against him and conditions of his release from state custody.[2]  Both parties agree that Mr. Spaulding did not

---

[2]Mr. Spaulding was adjudged guilty only of violating the terms of his release, not of violating the protective order.  The latter charge was dismissed, but Mr. Spaulding does not assert that this dismissal was based upon a finding that his behavior did not violate the protective order.

physically harm his ex-wife; he clearly violated the order that he stay away from her, however, and there is some evidence that he was harassing her. Mr. Spaulding argues that, in light of the fact that he did not physically harm his ex-wife, this offense is similar to, if not less serious than, disturbing the peace. We agree with the District Court that his offense is not "similar to" disturbing the peace, because he was under two court orders at the time of his conduct. As the District Court correctly pointed out, violation of a court order is a more serious offense than a run-of-the-mill public-disturbance case. The Sentencing Guidelines themselves treat crimes committed while under court supervision as more serious than other crimes. See U.S.S.G. § 4A1.1(d) (calling for a two-level increase in criminal history if an offense was committed while under any criminal justice sentence). In addition, that Mr. Spaulding violated the court order demonstrates a higher risk of recidivism than a run-of-the-mill public-disorder offense. This higher risk of recidivism is demonstrated by the fact that Mr. Spaulding regarded the criminal justice system with so little respect that he was willing to violate two judicial orders. This higher risk of recidivism indicated by his violation of a release order renders Mr. Spaulding's crime more serious than disorderly conduct.[3] Thus, the District Court did not err in assessing Mr.

---

[3]Mr. Spaulding's brief to this Court asserts that he was not even guilty of this crime, as his ex-wife approached him. We will not consider this assertion, because Mr. Spaulding was adjudged

Spaulding one criminal-history point for this prior conviction.

Having concluded that neither of Mr. Spaulding's prior offenses should have been excluded as "similar to" listed offenses, we hold that Mr. Spaulding was properly placed in Criminal History Category II, rendering him ineligible for "safety valve" relief from the statutory minimum sentence. The District Court's ruling is, therefore, affirmed.

---

guilty. Sentencing courts are not to reexamine the evidence underlying prior convictions in deciding whether to count prior crimes toward a defendant's criminal-history score.