United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40003 c/w
03-40112
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER ACUNA-CHAVEZ,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
(B-02-CR-519-1)
--------------------

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Javier Acuna-Chavez ("Acuna") appeals his guilty-plea conviction and sentence for violating 8 U.S.C. § 1326(a) and (b) by illegally reentering the United States, without permission, following his conviction for a felony and subsequent deportation. He also purports to appeal the revocation of supervised release that resulted from his illegal reentry, but he has abandoned appeal of the revocation itself by failing to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

brief any issue relevant to it. See <u>United States v. Still</u>, 102 F.3d 118, 122 n.7 (5th Cir. 1996).

Acuna contends, for the first time on appeal, that his sentencing guidelines offense level was improperly increased by 16 levels. He argues that his prior offense of aggravated assault did not meet the definition of "aggravated felony" found in 8 U.S.C. § 1101(a)(43)(F) because he was not sentenced to at least a year in prison. Acuna concedes that the prior conviction of aggravated assault was for a "felony" as defined by the relevant guidelines commentary, because he could have been sentenced to more than a year in prison. See U.S.S.G. § 2L1.2, comment. (n.1(B)(iv)). He also concedes that it was "crime of violence" as defined by the guidelines. See U.S.S.G. § 2L1.2, comment. (n. 1(B)(ii)(II)). Because Acuna's prior felony conviction satisfied the plain language of the guideline that prescribes a 16-level increase, he does not show plain error. See U.S.S.G. § 2L1.2(b)(1)(A)(ii); <u>United States v. Hull</u>, 160 F.3d 265, 271 (5th Cir. 1998) (plain error).

Acuna also contends that he should not have been assessed a criminal history point for a prior conviction for petty larceny, because that crime is similar to the crime of writing an insufficient-funds check which is exempt from inclusion in the criminal history calculation. See U.S.S.G. § 4A1.2(c)(1). Acuna fails to provide any binding authority holding that the two

2

offenses are similar, thus failing to show that the district court made any "clear" or "obvious" error.  See <u>Hull</u>, 160 F.3d at 271.

For the first time on appeal, Acuna argues that 8 U.S.C. § 1326(b) is unconstitutional because it treats a prior conviction as a sentencing factor and not as an element of the offense.  As Acuna acknowledges, his argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), and he raises the issue only to preserve it for possible review by the United States Supreme Court.  As we are bound to follow established law, we reject this contention.

Finally, Acuna asks us to remand his case for the correction of a clerical error pursuant to FED. R. CRIM. P. 36.  He fails, however, to show either a clerical error or a plain error that affected his substantial rights.  See <u>United States v. Steen</u>, 55 F.3d 1022, 1026 n.3 (5th Cir. 1995); <u>Hull</u>, 160 F.3d at 271-72.

Acuna's conviction and sentence are
AFFIRMED.