United States Court of Appeals
Fifth Circuit

**F I L E D**

November 22, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-10315

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**PAUL DARVIN LAMM, JR.,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Northern District of Texas**

Before GARWOOD, JOLLY, and BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

Paul Darvin Lamm, Jr., pleaded guilty to being a controlled substance user in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3) (the instant offense).  Appealing only his sentence, he contests the addition of one criminal history point, under Sentencing Guidelines § 4A1.2(c), for his prior conviction for shoplifting.  At issue is whether shoplifting an item valued less than $50 (petty theft) should be excluded from the criminal history calculation.  That turns on whether the petty theft offense is similar to the crime of insufficient funds check, which is excludable from criminal history, under certain conditions, pursuant to Guidelines § 4A1.2(c)(1).  **AFFIRMED.**

I.

Prior to the instant offense (committed in September 2003), Lamm had four criminal convictions, including petty theft, a class-C misdemeanor for which no imprisonment is imposed under Texas law. The pre-sentence investigation report (PSR) recommended one criminal history point for the petty theft conviction. Lamm objected, contending petty theft is sufficiently similar to insufficient funds check so that, under § 4A1.2(c)(1), it should not be included in his criminal history. In response, the probation officer prepared an addendum to the PSR, distinguishing petty theft from insufficient funds check.

In March 2004, over Lamm's renewed objection at the sentencing hearing, the district court determined, without stating reasons, that Lamm's criminal history should include the petty theft conviction. Lamm was sentenced, *inter alia*, to 21 months in prison.

## II.

As he did in district court, Lamm claims: pursuant to § 4A1.2(c)(1), he should not receive a criminal history point for his petty theft conviction because it is similar to the listed excludable offense of insufficient funds check. Application of the Guidelines is reviewed *de novo*. *E.g., **United States v. Booker***, 334 F.3d 406, 412 (5th Cir. 2003).

In calculating criminal history, "[s]entences for all felony offenses are counted"; those for "misdemeanor and petty offenses

2

are counted, except as" detailed in § 4A1.2(c).  U.S.S.G. § 4A1.2(c).  In this regard, listed offenses, *or "offenses similar to them"*, are excluded from the criminal history unless the sentence was (1) probation of at least one year, or (2) imprisonment of at least 30 days, or (3) the prior offense is similar to the instant offense (here, firearm possession).  U.S.S.G. § 4A1.2(c)(1) (emphasis added).  (Some listed offenses, or those similar to them, "are never counted".  U.S.S.G. § 4A1.2(c)(2).  Two of those listed are hitchhiking and loitering.  *Id*.)

The offense of insufficient funds check is among the excludable offenses listed in § 4A1.2(c)(1); petty theft is *not* listed.  (Examples of other listed offenses are careless or reckless driving, gambling, and resisting arrest.  U.S.S.G. § 4A1.2(c)(1).)  Lamm was not sentenced to probation or imprisonment, and petty theft is not similar to the instant offense.  Therefore, if petty theft is similar to insufficient funds check, it is not counted in Lamm's criminal history.  (Lamm's petty theft conviction could also be excluded, of course, if it is similar to any other listed offense.  Lamm only claims similarity to insufficient funds check.)

Guidelines § 4A1.2(c)(1) identifies the excludable offenses without definition.  The commentary to the section does provide, however, that the excludable offense of insufficient funds check "does *not* include any conviction establishing that the defendant

3

used a false name or non-existent account". U.S.S.G. § 4A1.2, cmt. n.13. (emphasis added). Therefore, we must look to the definition of the equivalent offense under the relevant State's law. *United States v. Gadison*, 8 F.3d 186, 193 (5th Cir. 1993).

Under Texas law, the offense of issuance of a bad check is the same offense as insufficient funds check; a person commits issuance of a bad check in Texas

> if he issues or passes a check or similar sight order for the payment of money knowing that the issuer does not have sufficient funds in or on deposit with the bank or other drawee for the payment in full of the check or order as well as all other checks or orders outstanding at the time of issuance.

TEX. PENAL CODE ANN. § 32.41(a); *Gadison*, 8 F.3d at 194. For the offense-similarity comparison advanced by Lamm, a person commits theft under Texas law "if he unlawfully appropriates property with intent to deprive the owner of property". TEX. PENAL CODE ANN. § 31.03(a).

To determine whether a prior offense is "similar" to a listed excludable offense under § 4A1.2(c)(1), our court "*suggest[s] a common sense approach which relies on all possible factors of similarity*". *United States v. Hardeman*, 933 F.2d 278, 281 (5th Cir. 1991) (under Texas law, driving with revoked or suspended license held similar to failure to maintain financial responsibility) (emphasis added). Factors to consider include: "a comparison of punishments imposed for the listed and unlisted

4

offenses, the perceived seriousness of the offense as indicated by the level of punishment, the elements of the offense, the level of culpability involved, and the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct". *Id.*

*Hardeman* did not accord any of these factors dispositive weight. To the contrary, it cautioned: "We do not suggest that any offense which carries a penalty similar to that imposed for a listed offense should automatically be excluded from the criminal history calculation. The other factors involved may indicate that the defendant's prior offense should be included". *Id.* at 282. Obviously, each offense-similarity comparison is *fact specific*. *Gadison*, 8 F.3d at 194.

Lamm maintains that, according to *Hardeman* and *United States v. Reyes-Maya*, 305 F.3d 362 (5th Cir. 2002) (under Texas law, criminal mischief held similar to disorderly conduct), punishment is the most important factor in determining offense similarity. Lamm notes that, under Texas law, the potential sentences for issuance of a bad check and for shoplifting an item worth less than $50 are identical: both are Class C misdemeanors punishable by a fine not to exceed $500. TEX. PENAL CODE ANN. §§ 12.23, 31.03(e)(1), 32.41(f). In this regard, Lamm contends an even more important factor in determining offense similarity is the punishment imposed; he compares his shoplifting sentence ($257 fine) to those imposed

5

in *Hardeman* (one day in jail and \$250 fine) and *Reyes-Maya* (\$182.50 fine).

The Government counters that, applying the *Hardeman* factors in the required common sense manner, the offenses are not similar. The Government maintains it is not logical to suppose the Sentencing Commission either mistakenly omitted theft, the most frequently committed offense in the United States, from the list of excludable offenses, or felt theft was so similar to the listed offense of insufficient funds check that further clarification was unnecessary. The Government notes correctly that *Hardeman* does not give dispositive weight to any factor, including punishment.

Acknowledging our court has never addressed the issue at hand in a published opinion, the Government notes *United States v. Acuna-Chavez*, 77 Fed. Appx. 262, 263 (5th Cir. 2003) (unpublished), held the district court did not commit plain error in concluding that a petty larceny conviction was not similar to insufficient funds check. The Government also notes that, for purposes of § 4A1.2(c)(1), the majority of other circuits deciding the issue have held petty theft is *not* similar to insufficient funds check.

Those holdings are instructive. In *United States v. Spaulding*, 339 F.3d 20, 21-22 (1st Cir. 2003), the First Circuit

held shoplifting an item worth $21 is not similar to insufficient funds check because

> shoplifting poses a markedly greater risk to
> the public.  Passing a bad check poses little
> risk of physical confrontation, because the
> perpetrator is not present when the victim
> realizes that he has been victimized.
> Shoplifting, on the other hand, creates the
> very real risk of physical confrontation
> between the perpetrator and the victim.

*Id.* at 22.  In accord, the Seventh Circuit held shoplifting and bad-check writing are not similar, because shoplifting is a trespassory offense, and it appeared unlikely the Sentencing Commission meant to exempt, by mere implication, a crime as common as shoplifting or petty theft.  *United States v. Harris*, 325 F.3d 865, 872-73 (7th Cir. 2003) (citing the dissent in *United States v. Lopez-Pastrana*, 244 F.3d 1025 (9th Cir. 2001), discussed *infra*). Likewise, the Eighth Circuit held petty theft is not similar to an offense listed in § 4A1.2(c)(1).  *See United States v. Waller*, 218 F.3d 856, 857-58 (8th Cir. 2000).  *See also United States v. Yednak*, 66 Fed. Appx. 406 (3rd Cir. 2003) (unpublished) (retail theft conviction not similar to insufficient funds check).  And, the Fourth Circuit in *United States v. Benjamin*, 110 F.3d 61 (4th Cir. 1997) (unpublished table decision), referring to our court's decisions in *Hardeman* and *Gadison*, held the district court had not committed plain error in determining a shoplifting conviction is not similar to insufficient funds check.

On the other hand, the Ninth Circuit in *Lopez-Pastrana*, a case relied on by Lamm, held a Nevada shoplifting offense similar to

8

insufficient funds check. **Lopez-Pastrana** reasoned the two offenses were similar in seriousness, punishment, and in their elements, but did not apply all the factors identified as relevant by our court in **Hardeman**. **Lopez-Pastrana**, 244 F.3d at 1027-30.

Lamm also relies on our 1993 decision in **Gadison**, which held similar the Texas offenses of *issuance of a bad check* (again, insufficient funds check under Texas law) and *theft by check*. 8 F.3d at 194. As noted, **Gadison** stated its holding was *fact specific*. **Id.** When **Gadison** was decided, a person committed theft by check when he obtained property by issuing a check without sufficient funds to cover that check and all others outstanding. *See* TEX. PENAL CODE ANN. § 31.06(a) (Vernon 1993). The intent to deprive an owner of property, a required element of theft, was *presumed* if the issuer of the check did not have an account with the bank when the check was issued, or if payment was refused for insufficient funds within 30 days after issue, and the issuer failed to pay the holder in full within ten days after receiving notice of refusal. **Id.** (The theft by check statute has since been amended, as discussed *infra*.)

Lamm asserts: petty theft and theft by check are similar; therefore, pursuant to **Gadison**, petty theft and issuance of a bad check are similar. Lamm's reliance on **Gadison** is misplaced, however, for several reasons. Two of them follow.

9

First, Lamm's premise that petty theft and theft by check are similar is inaccurate. The offenses are meaningfully different because petty theft poses a risk of physical confrontation, placing others at risk. This risk is heightened if the offender is apprehended during the attempted theft. There is much less risk of physical confrontation for theft by check, just as there is much less risk for insufficient funds check. *See* **Spaulding**, 339 F.3d at 20.

Second, Lamm's reliance on **Gadison** is misplaced because, as discussed *supra*, **Gadison**'s holding (issuance of a bad check and theft by check are similar) was based on a prior version of the Texas theft by check statute. In that earlier version, the requisite intent for theft by check was *presumed*, under certain conditions, when a bad check was issued. *See* TEX. PENAL CODE ANN. § 31.06(a) (Vernon 1993). Under the current version, there is no such presumption (instead, issuance is *prima facie* evidence of intent). *See* TEX. PENAL CODE ANN. § 31.06(a) (Vernon 2003). Arguably, under the former statutory scheme, due to the presumption of intent for theft by check, issuance of a bad check could often constitute theft by check. Under the current statute, given there is no presumption of intent, the **Gadison** court may have found issuance of a bad check and theft by check were *not* similar. In any event, under the current statute, petty theft and theft by

10

check are less analogous than under the theft by check statute relied upon in *Gadison*.

Finally, citing *Liparota v. United States*, 471 U.S. 419 (1985), and *Rewis v. United States*, 401 U.S. 808 (1971), Lamm urges the rule of lenity requires our resolving the claimed ambiguity in § 4A1.2 in his favor. That rule requires an ambiguity in a criminal statute be resolved in favor of the defendant when there is a "grievous ambiguity or uncertainty" in the statute. *Muscarello v. United States*, 524 U.S. 125, 138-39 (1998) (citations omitted). To the extent there is any ambiguity in § 4A1.2(c)(1), it does not rise to the level required for application of the rule of lenity.

In sum, weighing the *Hardeman* factors as a whole, under the requisite common sense and fact specific approach, Lamm's petty theft offense is not similar to the offense of issuance of a bad check (Texas' equivalent to insufficient funds check). This is primarily because petty theft involves a heightened risk of physical confrontation and harm to others. Moreover, Lamm's petty theft offense, when viewed in the context of his recent criminal history - four convictions from 1997 to 2001 - indicates a likelihood of recurring criminal conduct. Finally, one other meaningful distinction involves the difficulty in detecting and apprehending the perpetrator of petty theft. *See Harris*, 325 F.3d at 872. In the light of an insufficient funds check offense not

11

involving use of a false name or non-existent account, consistent with the limitation imposed by comment 13 to § 4A1.2(c)(1), the identity and account information of the person issuing the check is known, whereas the perpetrator of petty theft is more difficult to apprehend.

### III.

For the foregoing reasons, the judgment is

**AFFIRMED.**