United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10206
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

VICTOR MANUEL VARELA-CASTILLO,

                              Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-143-ALL-P
--------------------

Before BARKSDALE, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Victor Manuel Varela-Castillo appeals his conviction and
sentence for illegal reentry following deportation.  He argues
that the district court misapplied the sentencing guidelines by
counting his prior conviction for discharge of a firearm in his
criminal history score and that the provisions of 8 U.S.C.
§ 1326(b) are unconstitutional in light of <u>Apprendi v. New
Jersey</u>, 530 U.S. 466 (2000).

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Varela contends that his prior conviction for discharge of a firearm is similar to the offense of disorderly conduct under Texas law and therefore should be exempt from calculation in his criminal history score pursuant to U.S.S.G. § 4A1.2(c)(1). Absent the one criminal history point received for this prior conviction, the sentencing guidelines range would have been 30-37 months rather than 33-41 months.

This court reviews the district court's application of the sentencing guidelines de novo. United States v. Villegas, 404 F.3d 355, 360 (5th Cir. 2005). In determining whether a prior offense is similar to a listed offense in § 4A1.2(c)(1) and is therefore exempt from calculation, this court employs a "common sense approach which relies on all possible factors of similarity." United States v. Hardeman, 933 F.2d 278, 281 (5th Cir. 1991). The factors to consider include: "a comparison of punishments imposed for the listed and unlisted offenses, the perceived seriousness of the offense as indicated by the level of punishment, the elements of the offense, the level of culpability involved, and the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct." Id. Each offense-similarity comparison is fact specific. United States v. Lamm, 392 F.3d 130, 132 (5th Cir. 2004).

The two offenses — discharge of a firearm, and disorderly conduct by discharging a firearm in a public place other than a public road or a sport shooting range — rank as different classes

of misdemeanor under Texas law. TEX. PENAL CODE ANN. §§ 42.12, 42.01(a)(7), (d). As such, the maximum possible punishment for discharge of a firearm in certain municipalities is more severe than disorderly conduct. TEX. PENAL CODE ANN. §§ 12.21, 12.22. Varela received eleven months of probation for his conviction. Disorderly conduct by discharge of a firearm is punishable by a maximum term of imprisonment of 180 days. TEX. PENAL CODE ANN. §§ 42.01(a)(7), (d), 12.22. The crime of discharge of a firearm in certain municipalities is punishable by a maximum term of imprisonment of one year. TEX. PENAL CODE ANN. § 12.21.

To be convicted of discharge of a firearm, a person must recklessly discharge a firearm inside the corporate limits of a municipality with a population of 100,000 or more. TEX. PENAL CODE ANN. §42.12(a). A person commits the offense of disorderly conduct by intentionally or knowingly discharging a firearm in a public place other than a public road or a sport shooting range. TEX. PENAL CODE ANN. § 42.01(a)(7).

The two offenses are dissimilar in most respects, having different punishments, different assigned grades of crime, and different elements and involving different types of criminal intent. Considering all the factors and employing the common sense approach, this court concludes that Varela's prior conviction for discharge of a firearm is not similar to the offense of disorderly conduct. Hardeman, 933 F.2d at 281. The offense was properly included in his criminal history score.

Varela's constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Varela contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Varela properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, the judgment of the district court is AFFIRMED.