IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2008

Charles R. Fulbruge III
Clerk

No. 06-41103

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

NOE MENDEZ-GUERRA

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
5:05-CR-2700-ALL

Before JOLLY, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Noe Mendez-Guerra appeals the sentence for his conviction of possession with intent to distribute in excess of 100 kilograms of marijuana. He contests the addition of one criminal history point under Sentencing Guidelines § 4A1.2(c), contending that the district court erred in not excluding a prior misdemeanor theft conviction from his criminal history calculation. Mendez argues that the conviction is similar to either the offense of an insufficient funds check or trespassing. Finding no error, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Mendez pled guilty to possession with intent to distribute in excess of 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2.

At a sentencing hearing, the district court determined that Mendez did not qualify for the "safety valve" provision of 18 U.S.C. § 3553(f)[1] because he had two criminal history points, one for misdemeanor possession of marijuana and another for misdemeanor theft under Texas Penal Code § 31.03 (Vernon 1998). Mendez had been sentenced to pay a $500 fine for the 1999 theft offense. The district court found that Mendez's prior offenses could not be excluded from his criminal history score. The court therefore calculated a sentencing guidelines range of 51 to 63 months and sentenced Mendez to the mandatory minimum term of imprisonment of 60 months, a term of supervised release of five years, and a mandatory special assessment of $100. Had Mendez's theft conviction been excluded from his criminal history score, he would have been eligible for the "safety valve" provision of § 3553(f) and would have faced a possible sentencing guideline range of 37 to 46 months.

---

[1] Title 18 U.S.C. § 3553(f) provides in part:

> Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963), the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--
>
> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines.

II.

Mendez contends that the district court erred in counting his 1999 theft conviction in his criminal history score. He contends that the offense is similar to either the offense of an insufficient funds check or the offense of trespassing and should therefore be excluded from his criminal history score under § 4A1.2(c)(1) of the Sentencing Guidelines.

The government contends that Mendez's theft conviction is not similar to an insufficient funds check or trespassing and is therefore not excluded from his criminal history score.

III.

Although the Sentencing Guidelines are advisory rather than mandatory, the sentencing court must still "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." Gall v. United States, 128 S.Ct. 586, 596 (2007). The district court's interpretation of the Sentencing Guidelines is reviewed de novo. United States v. Le, 512 F.3d 128, 134 (5th Cir. 2007).

In calculating criminal history, sentences for "misdemeanor and petty offenses are counted, except as" provided in § 4A1.2(c)(1) and (2). U.S.S.G. § 4A1.2(c). Sentences for offenses listed under § 4A1.2(c)(1) and "offenses similar to them, by whatever name they are known" are counted only if the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days or the prior offense is similar to the instant offense. U.S.S.G. § 4A1.2(c)(1). Section 4A1.2(c)(1) lists thirteen offenses including Gambling, Prostitution, Resisting Arrest and, of relevance here, Insufficient Funds Check and Trespassing. Neither petty theft nor shoplifting is listed.

To determine whether an offense is similar to one of the offenses listed in § 4A1.2(c)(1), this court has used a "common sense approach which relies on all possible factors of similarity." United States v. Hardeman, 933 F.2d 278, 281 (5th Cir. 1991). We consider factors such as: "a comparison of punishments

3

imposed for the listed and unlisted offenses, the perceived seriousness of the offense as indicated by the level of punishment, the elements of the offense, the level of culpability involved, and the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct." Id. No factor is accorded dispositive weight. United States v. Lamm, 392 F.3d 130, 132 (5th Cir. 2004).

Under Texas law, a person commits the offense of theft "if he unlawfully appropriates property with intent to deprive the owner of property." TEX. PENAL CODE § 31.03(a) (Vernon 1998). The offense is a Class C misdemeanor if the value of the property stolen is less than fifty dollars. TEX. PENAL CODE § 31.03(e)(1)(A) (Vernon 1998). A Class C misdemeanor is punishable by a fine not to exceed $500. TEX. PENAL CODE § 12.23 (Vernon 1998). If the value of the property stolen is between fifty and five hundred dollars, the offense is a Class B misdemeanor, punishable by a fine not to exceed $2,000, a jail term of up to 180 days, or both. TEX. PENAL CODE §§ 31.03(e)(2)(A), 12.22 (Vernon 1998).

## A.

Mendez contends that his conviction for misdemeanor theft is similar to the offense of an insufficient funds check.

This court determined in United States v. Lamm that a defendant's previous Texas conviction for petty theft was not similar to the listed offense of an insufficient funds check for the purposes of § 4A1.2(c)(1). 392 F.3d at 134. We relied in part upon the fact that petty theft involves "a heightened risk of physical confrontation and harm to others" relative to an insufficient funds check. Id. We also considered the recency of Lamm's prior convictions, and the greater difficulty in "detecting and apprehending the perpetrator of petty theft." Id.

The majority of the other circuits that have considered the issue have also held that petty theft is either not similar to an insufficient funds check for the

purposes of § 4A1.2(c)(1), or not similar to any listed offense. See United States v. Osborne, No. 06-4987, 2008 WL 222739, at *13 (4th Cir. Jan. 29, 2008) (holding that shoplifting is not similar to an insufficient funds check); United States v. Ubiera, 486 F.3d 71, 76 (2d Cir. 2007) (same); United States v. Harris, 325 F.3d 865, 872-73 (7th Cir. 2003) (same); United States v. Spaulding, 339 F.3d 20, 22 (1st Cir. 2003) (same); United States v. Waller, 218 F.3d 856, 857-58 (8th Cir. 2000) (holding that petty theft is not on the exclusions lists in U.S.S.G. § 4A1.2(c)). But see United States v. Lopez-Pastrana, 244 F.3d 1025, 1030-31 (9th Cir. 2001) (finding a Reno municipal shoplifting conviction to be similar to the listed offense of insufficient funds check).

Mendez contends that his conviction for petty theft is distinguishable from that considered in Lamm because Mendez was not apprehended by store personnel, but by a nearby police officer after the theft. He argues that his offense therefore posed a lesser risk of harm to others than the particular offense considered in Lamm.[2]

In finding that a conviction for theft by check is similar to an insufficient funds check in United States v. Gadison, 8 F.3d 186, 194 (5th Cir. 1993), we stated that the holding was fact specific. We noted that "how a Guidelines sentence might be affected by a theft by check offense under other facts, including the class of conviction and sentence, is not before us." Id. (emphasis added). We therefore stated in Lamm that the "offense-similarity comparison is fact specific." 392 F.3d at 130. We did not, however, look beyond the elements of the offenses and the particular punishment imposed. In Lamm, we reasoned that

> the offenses [of petty theft and theft by check] are
> meaningfully different because petty theft poses a risk

---

[2] Mendez also contends that our consideration in Lamm of the risk of harm to others inherent in petty theft is invalid. We of course cannot overrule a decision of a previous panel. To the extent that Mendez charges error in our decision in Lamm, his argument is foreclosed.

> of physical confrontation, placing others at risk. This risk is heightened if the offender is apprehended during the attempted theft. There is much less risk of physical confrontation for theft by check, just as there is much less risk for insufficient funds check.

Id. at 134. We considered the offense of petty theft objectively, not on a particular set of facts.

Moreover, the fact that Mendez happened to be arrested by a police officer rather than confronted by store personnel does not diminish the risk of physical confrontation inherent in shoplifting offenses. Furthermore, although Mendez's criminal history is less lengthy than the history of the defendant in Lamm, who had four recent convictions, Mendez received punishment of a fine that was nearly twice the amount issued in Lamm ($257). See id. at 133. Therefore his offense was perceived by the Texas court to be at least as serious and indicative of at least as much culpability as the petty theft offense at issue in Lamm.

Adhering to our opinion in Lamm, we hold that Mendez's misdemeanor theft conviction is not similar to an insufficient funds check.

B.

Mendez contends, alternatively, that his petty theft offense is similar to the listed offense of trespassing.

A person commits criminal trespass under Texas Penal Code § 30.05 "if he enters or remains on property or in a building of another without effective consent and he: (1) had notice that the entry was forbidden; or (2) received notice to depart but failed to do so." (Vernon 1998). The offense "is a Class B misdemeanor unless it is committed in a habitation or a shelter center or unless the actor carries a deadly weapon . . . in which event it is a Class A misdemeanor." As a Class B misdemeanor, criminal trespass is punishable by a fine of up to $2,000 and up to 180 days in jail. TEX. PENAL CODE § 12.22 (Vernon 1998).

Mendez contends that we must give primary weight to the similarity of the punishments imposed for criminal trespass and petty theft and to the punishment actually imposed on Mendez. Were we writing on a clean slate, we might find that Mendez's conviction for petty theft is similar to the offense of trespassing, for the purposes of determining whether it should be counted in his criminal history score. Trespass, as a Class B misdemeanor, carries a greater penalty than petty theft of less than fifty dollars worth of property, a Class C misdemeanor. This fact suggests that such petty theft offenses may be no more serious than trespassing and may be no more likely to recur.

This court has given considerable weight to the punishment imposed for a prior offense in Hardeman and United States v. Reyes-Maya, 305 F.3d 362, 367 (5th Cir. 2002). Those cases, however, dealt with offenses prohibiting conduct that is more similar than that prohibited by the theft and trespassing statutes at issue here. In Hardeman we found the offense of failure to maintain financial responsibility (automobile insurance) to be similar to the offense of driving without a license. 933 F.3d at 283. In Reyes-Maya, we found the offense of criminal mischief to be similar to disorderly conduct. 305 F.3d at 366. If the level of punishment were dispositive, we likely would have held that petty theft and insufficient funds check are similar because, as Class C misdemeanors, they bear the same punishment. As discussed previously, we have not so held. Lamm, 392 F.3d at 134-35. Not every offense carrying a penalty similar to that of a listed offense should be excluded. Hardeman, 933 F.2d at 282.

The primary difference between petty theft and trespassing lies in the elements of the offenses. The elements of a prior and listed offense need not be identical for the offenses to be similar. Reyes-Maya, 305 F.3d at 367. Petty theft and trespass do have some comparable elements. Theft requires the unlawful appropriation of another's property with the intent to deprive the owner of it. Trespass requires presence on another's property without the owner's consent.

7

Both offenses require intentional interference with another's enjoyment of his property. Moreover, trespass may, like petty theft, involve the risk of physical harm if the trespasser is confronted by the property owner.

However, the offenses are distinct: a thief "appropriates" another's property; a trespasser only temporarily interferes with another's property rights. A trespasser need not intend to deprive the owner of his property or the use of it. This difference is significant enough that the two offenses are not similar, despite the fact that petty theft is punished no more harshly than trespassing.

Although we cannot say that Mendez's prior petty theft offense was a serious crime,[3] nor can we say that petty theft is so similar to trespassing that it is embraced by the Guidelines' instruction to exclude trespassing and similar offenses from his criminal history score. It is unlikely that the Sentencing Commission intended for petty theft to be exempt but thought that it was unnecessary to list the offense because of its obvious similarity to trespassing. See Harris, 325 F.3d at 873 ("There is simply no basis in logic or experience to assume that the Sentencing Commission meant to exempt [shoplifting] by implication.").

The Guidelines do not require the exclusion of all misdemeanors, or even all misdemeanors which carry relatively low punishments. Misdemeanors are generally counted in a defendant's criminal history score. The only offenses excluded are those that are either listed in § 4A1.2(c), or are similar to the listed offenses. Ultimately, the purpose of our "common sense" approach is to determine whether an offense is "similar to" an offense listed in § 4A1.2(c)(1) based on all possible factors of similarity. The Guidelines exclude listed offenses, including trespassing, "and offenses similar to them, by whatever name

---

[3] The presentencing report indicates that Mendez stole a pair of socks and a t-shirt. If shoplifting or petty theft were listed offenses under § 4A1.2(c)(1), Mendez's conviction would almost certainly qualify.

8

they are known." U.S.S.G. § 4A1.2(c).  The sentencing court is instructed by the Guidelines to exclude offenses that are similar to the listed offenses, not merely those that are similarly trivial.

## IV.

The district court did not err by finding that Mendez's prior theft offense was not similar to an insufficient funds check or to trespassing and counting it in his criminal history score. The judgment of the district court is therefore

AFFIRMED.