# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2010

No. 10-40112
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

KEAVY HARRIS,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:08-CR-60-4

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Keavy Harris appeals his within-guidelines sentence of 360 months' imprisonment imposed following his guilty-plea conviction for conspiracy to distribute, and possess with intent to distribute, cocaine and marijuana. Harris' criminal history category included one point for a Mississippi municipal-court conviction for bond jumping, an act for which he was fined $250. Harris contends the district court misapplied the advisory Sentencing Guidelines, by adding one point to his criminal history for his bond-jumping conviction,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because: that conviction was merely a civil contempt order, and the offense of bond-jumping is similar to the offense of contempt of court *not* counted under Guideline § 4A1.2(c)(1).

Although Harris challenged the additional criminal-history point in district court, he did so on grounds different from those raised on appeal. Accordingly, the criminal-history calculation is reviewed only for plain error. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007); FED. R. CRIM. P. 52(b). To succeed under such review, Harris must show, *inter alia*, a clear or obvious error affecting his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Harris maintains: because the presentence investigation report did *not* indicate the statute upon which his bond-jumping conviction was based, it was merely a civil contempt order in which a noncriminal fine was imposed. This is a question of fact that could have been resolved if raised in district court. Such questions of fact "can never constitute plain error". *United States v. Vital*, 68 F.3d 114, 119 (5th Cir. 1995) (internal quotations and citation omitted).

In the alternative, Harris asserts his bond-jumping offense, *not* listed as an excludable offense, is similar to the offense of contempt of court excluded from the criminal-history calculation under Guideline § 4A1.2(c)(1). Such excludable offenses, *and offenses similar to them*, are counted only if: (1) the sentence was a term of probation of more than one year, or a term of imprisonment of at least 30 days, or (2) the prior offense is similar to the instant offense (here, conspiracy and intent to posses and distribute). U.S.S.G. § 4A1.2(c)(1)(A)-(B). Because Harris was assessed only a fine for his bond-jumping offense, he maintains it is *not* counted in the criminal history.

In determining whether an unlisted offense is similar to a listed-excludable offense, our court uses a common-sense approach which "relies on all possible factors of similarity". *United States v. Lamm*, 392 F.3d 130, 132 (5th Cir. 2004) (internal quotations omitted). The factors to consider include: a

2

comparison of punishments imposed, the seriousness of each offense, the elements of each offense, the level of culpability involved, and the likelihood of recurring criminal conduct. *Id.*; *see also United States v. Hardeman*, 933 F.2d 278, 281 (5th Cir. 1991).

Applying this common-sense approach, these offenses are *not* similar. The punishment for bond jumping is more severe: bond jumping includes punishment of up to one year in prison, while contempt of court is punishable up to only six months' imprisonment. As such, bond jumping is a more serious offense. Further, the offense of bond jumping requires an additional element of release on bond, making a bond jumper more culpable than someone in contempt of court.

Even assuming Harris has shown the district court erred in calculating his criminal history, he has not shown a *plain* (clear or obvious) error. An error is clear or obvious only if it is clear under existing law. *United States v. Salinas*, 480 F.3d 750, 756 (5th Cir. 2007). There is *no* existing law supporting Harris' assertions.

AFFIRMED.