# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1937

_____

United States of America

*Plaintiff - Appellee*

v.

Caleb Nelson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: November 11, 2014
Filed: November 19, 2014
[Unpublished]

_____

Before RILEY, Chief Judge, BEAM and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Caleb Nelson appeals, challenging the application of a dangerous-weapon enhancement under the sentencing guidelines. We affirm.

From 2012 to 2013, Nelson and his brother took scientific calculators from Wal-Mart stores, left without paying, and sold them online. When law-enforcement

officers stopped the brothers outside a Wal-Mart in Iowa, the brothers' car contained 229 stolen calculators, worth about $27,000, and two loaded handguns in the passenger compartment. One gun had a round chambered. Nelson pleaded guilty to conspiring to transport stolen goods. *See* 18 U.S.C. §§ 371, 2314. Finding that Nelson possessed the handguns in connection with the thefts, the district court[1] increased Nelson's offense level by two. *See* USSG § 2B1.1(b)(15)(B). With this enhancement, Nelson's advisory sentencing guidelines range was 24 to 30 months in prison. The court sentenced Nelson to 30 months' imprisonment.

Nelson appeals his sentence. He argues only that the evidence was insufficient to show, as required for the enhancement, that he possessed the handguns "in connection with" the thefts. *Id.* Whether he possessed the firearms in connection with his offense is a factual question that we review for clear error. *See United States v. Perez-Guerrero*, 334 F.3d 778, 783 (8th Cir. 2003).

The court found that Nelson possessed the firearms in connection with his offense because they protected him, his brother, and their loot from potential robbery. Where two thieves had two loaded handguns, one with a round chambered, and approximately $27,000 in stolen merchandise in their car, we cannot say that this finding was clearly erroneous. We find support for this conclusion in *United States v. McClain*, 252 F.3d 1279 (11th Cir. 2001), in which a defendant drove recruits to various businesses to cash counterfeit checks. *Id.* at 1281. Just before the defendant's arrest, his vehicle contained counterfeit checks, fake identification cards, about $5,000 in cash, and a firearm. *Id.* at 1282. Based on the presence of the firearm, the defendant's offense level was enhanced under a guidelines provision substantially identical to the one at issue here. *Id.* at 1283 & n.10. The Eleventh Circuit affirmed the application of this enhancement, explaining that it was "certainly

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

reasonable to infer that [the defendant] carried the firearm to prevent a 'rip-off.'" *Id.* at 1288. Because both cases involved armed thieves with significant spoils at risk, the same may be said of Nelson. The *McClain* defendant risked theft directly from his recruits, but Nelson had two firearms, not one, and more than five times as much value in merchandise. We note further that, beyond protection from robbery, the guns also might have protected Nelson from possible confrontations with Wal-Mart security or customers. *See United States v. Lamm*, 392 F.3d 130, 134 (5th Cir. 2004) (noting that shoplifting poses a risk of physical confrontation); *United States v. Spaulding*, 339 F.3d 20, 22 (1st Cir. 2003) (same).

The district court did not clearly err in finding that Nelson possessed the firearms in connection with his offense. Accordingly, we affirm the application of the dangerous-weapon enhancement.

———————————————————