# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50954
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 19, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM CHRISTOPHER HOGAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:17-CR-55-1

Before BENAVIDES, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

William Christopher Hogan pleaded guilty to conspiracy to possess with intent to distribute five grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B). The district court sentenced Hogan to 77 months of imprisonment, followed by five years of supervised release. Hogan appeals only his sentence and argues that he should not have received a criminal history point for his prior Texas shoplifting conviction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50954

because it is similar to the listed excludable offense of "insufficient funds check" under U.S.S.G. § 4A1.2(c)(1). We review the district court's application of the Sentencing Guidelines de novo. *United States v. Lamm*, 392 F.3d 130, 131 (5th Cir. 2004).

As Hogan acknowledges, we held in *Lamm* that the Texas offense of shoplifting is not similar to the listed excludable offense of insufficient funds check. 392 F.3d at 134. We explained that shoplifting posed a risk of physical confrontation, especially "if the offender is apprehended during the attempted theft." *Id.* The offense of insufficient funds check posed a much lower risk of a physical confrontation "'because the perpetrator is not present when the victim realizes that he has been victimized.'" *Id.* at 133-34 (quoting *United States v. Spaulding*, 339 F.3d 20, 22 (1st Cir. 2003)). The potential for physical confrontation, we reasoned, made the offenses "meaningfully different." *Id.* at 134.

Hogan makes no argument as to why his shoplifting offense is distinguishable from that considered in *Lamm*, nor does he explain why we should revisit our decision in *Lamm*. It is well-established that one panel of this court may not overrule or ignore the decision of a previous panel. *United States v. Ruiz,* 180 F.3d 675, 676 (5th Cir. 1999).

The judgment of the district court is AFFIRMED.