[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-5146
Non-Argument Calendar
_____



FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
10/30/98
THOMAS K. KAHN
CLERK

D. C. Docket No. 96-8027-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRAVIS HORTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(October 30, 1998)**

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Appellant Travis Horton appeals his 126-month sentence for possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Appellant contends that the district court erred by including his prior conviction for simple assault in his criminal history calculation.

Appellant argues that his simple assault conviction is similar to convictions for disorderly conduct, disturbing the peace, hindering or failing to obey a police officer, and resisting arrest, all of which, under U.S.S.G. § 4A1.2(c)(1), are not included in a

defendant's criminal history calculation.[1]  Appellant's argument is without merit; assault is not similar to the offenses listed in U.S.S.G. § 4A1.2(c)(1).  *See United States v. Elmore*, 108 F.3d 23, 26-27 (3d Cir.) (assault not similar to disorderly conduct), *cert. denied*, __U.S. __, 118 S. Ct. 110 (1997); *United States v. Russell*, 913 F.2d 1288, 1294 (8th Cir. 1990) (affirming district court's inclusion of convictions for assault and criminal damage to property in criminal history calculation; court stated that appellant "submitted no authority for the proposition that assault and criminal damage to property is akin to disorderly conduct or disturbing the peace"); *see also United States v. Norman*, 129 F.3d 1393, 1401 & n.12 (10th Cir. 1997) (stating it would be an absurd result to exclude assault from the criminal history calculation pursuant to U.S.S.G. § 4A1.2(c)(1)); *United States v. Kemp*, 938 F.2d 1020, 1023 (9th Cir. 1991) (stating that "the crime of 'domestic violence' under Arizona law includes

---

[1] U.S.S.G. § 4A1.2(c) provides in part:
Sentences for all felony offenses are counted.  Sentences for misdemeanor and petty offenses are counted, except as follows:

(1)    Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:

. . .
Disorderly conduct or disturbing the peace
. . .
Hindering or failure to obey a police officer
. . .
Resisting arrest
. . . .

both disorderly conduct, which is excluded by the explicit language of the Guidelines, and assault, which is included" (footnote omitted)); *United States v. Hoelscher*, 914 F.2d 1527, 1537 (8th Cir. 1990) (court noted that assault is not similar to offenses set out in U.S.S.G. § 4A1.2(c)(1) and (2)).  We therefore affirm the judgment entered by the district court.

AFFIRMED.