**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-51107

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MIGUEL REYES-MAYA,

Defendant - Appellant.

Appeal from the United States District Court
for the Western District of Texas, San Antonio

September 10, 2002

Before DeMOSS, STEWART, and DENNIS, Circuit Judges.
DENNIS, Circuit Judge:

Miguel Reyes-Maya appeals his sentence for illegal reentry into the United States in violation of 8 U.S.C. § 1326 (a)(b)(2). Reyes-Maya argues that the felony conviction that resulted in his increased sentence was an offense element that the Due Process Clause of the 5th Amendment required be charged in the indictment. Reyes-Maya also argues that the district court erred when it included the prior misdemeanor offense of criminal mischief in his

1

criminal history score. Because the district court incorrectly included Reyes-Maya's criminal mischief conviction in his criminal history score, we vacate his sentence and remand the case for re-sentencing.

## I.

Miguel Reyes-Maya, the Appellant, was found by the Immigration and Naturalization Service (INS) on or about May 1, 2001, in the county jail in San Antonio, Texas, after his arrest by local police for "fighting with his wife." Investigation by the INS agents revealed that the Appellant is a native and citizen of the Republic of Mexico, and that Appellant had been deported from the United States to Mexico on September 17, 1999. A review found no record that Appellant applied for or received permission of the Attorney General of the United States to reapply for admission after deportation.

The Appellant was charged with violation of 8 U.S.C. § 1326 (a)(b)(2) for illegal re-entry into the United States after deportation, and he pleaded guilty. Appellant moved to dismiss the penalty enhancement notice and objected to imposition of a sentence greater than two years. He argued that the prior aggravated felony was an offense element that Due Process required be charged to the grand jury.

Reyes-Maya also objected to the probation officer's pre-sentencing report (PSR), which assigned one criminal history point

2

for a 1991 guilty plea conviction for criminal mischief. That conviction arose out of a dispute at a motel for which Appellant was fined $182.50.[1] The point gave appellant 10 criminal history points, moving him from Category IV, with a sentencing range of 57-71 months, to Category V, with a sentencing range of 70-87 months.

The District Court for the Western District of Texas denied Reyes-Maya's motion to dismiss the penalty enhancement. The district court also rejected Reyes-Maya's PSR objection and assigned one criminal history point based on his criminal mischief conviction. The district court sentenced Appellant using a total offense level of 21 and a criminal history category of V. The guideline range of imprisonment was 70 to 87 months, and the district court sentenced Appellant to 70 months' imprisonment. Reyes-Maya now appeals his sentence.

## II.

Reyes-Maya argues that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(a)(b)(2) was an offense element that should have been charged in the indictment. Reyes-Maya acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but seeks to preserve the issue for Supreme Court

---

[1] Although the District Court requested details of the prior conviction beyond offense and sentence, such details were unavailable. Because of the age of the offense, the convicting court no longer has the records. Additionally, Appellant has stated that he no longer remembers the details of the incident.

review in light of the decision in <u>Apprendi</u>.  <u>See</u> <u>Bousley v. United States</u>, 523 U.S. 614, 622-23 (1998)(noting that the futility of an argument at the time it should have been made is not "cause" for defaulting claim).

The Court in <u>Apprendi</u>, while acknowledging that <u>Almendarez-Torres</u> may be logically inconsistent with that case, and therefore incorrectly decided, chose not to overrule that decision. <u>Apprendi</u>, 530 U.S. at 489-90; <u>see also</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1202 (2001). Accordingly this court remains bound by <u>Almendarez-Torres</u>, <u>see</u> <u>Rodriquez de Quijas v. Shearson/American Express</u>, 490 U.S. 477, 484 (1991) (stating precedent is controlling where it "has direct application in a case" even if "it appears to rest on reasons rejected in some other line of decisions."), and relief is denied on this ground.

### III.

We review a district court's interpretation of the Sentencing Guidelines de novo.[2]  <u>United States v. Gadison</u>, 8 F.3d 186, 193

---

[2] This court addressed whether criminal mischief is an offense similar to disorderly conduct in <u>United States v. Rodriquez</u>, No. 93-1361 (5th Cir. filed November 3, 1993), an unpublished opinion with precedential value.  There the district court included the criminal mischief conviction in Rodriquez's criminal history score and we affirmed.  However, our review in <u>Rodriquez</u> was on the far more deferential plain error standard, because Rodriquez had not raised the similarity issue in front of the district court.  We have not determined, under a de novo standard of review, whether criminal mischief should be excluded from criminal history scores.

4

(5th Cir. 1993).

Generally, sentences for misdemeanor and petty offenses are counted in the calculation of a defendant's criminal history score. U.S.S.G. § 4A1.2(c). However, certain offenses or offenses similar to them are excluded unless the sentence was a term of probation of at least one year or a term of imprisonment of at least 30 days, or the prior offense is similar to the current offense. U.S.S.G. § 4A1.2(c)(1). In addition, certain other offenses are always excluded. U.S.S.G. § 4A1.2(c)(2).

Criminal mischief is not an offense that is always excluded pursuant to § 4A1.2(c)(2). However, because criminal mischief is not similar to illegal reentry into the United States, and since Appellant's criminal mischief sentence was only a fine of $182.50 (not probation of at least one year or imprisonment of at least 30 days), the criminal mischief conviction should be excluded from his criminal history score if it is similar to one of the offenses listed in § 4A1.2(c)(1).

Appellant argues that criminal mischief is similar to § 4A1.2(c)(1)'s exempted offense of disorderly conduct. In United States v. Hardeman, 933 F.2d 278 (5th Cir. 1991), we explained how to determine whether a prior offense is "similar" to one of the exempted offenses in § 4A1.2(c)(1). We suggested a "common sense approach which relies on all possible factors of similarity." Id. at 281. These factors include "a comparison of punishments imposed

for listed and unlisted offenses, the seriousness of the offense as indicated by the level of punishment, the elements of the offense, the level of culpability involved, and the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct." Id.

We believe that proper application of the Hardeman analysis results in the exclusion of Appellant's criminal mischief conviction from his criminal history score.

Our § 4A1.2(c) analysis begins by comparing the punishments given in the Texas statutes for criminal mischief, Tex. Penal Code Ann. § 28.03 (Vernon 1992), and disorderly conduct, Tex. Penal Code Ann. § 42.01, as they were at the time of conviction. Here, a comparison indicates that the offense of criminal mischief can be more serious than the offense of disorderly conduct. Disorderly conduct offenses are only classified as class B or C misdemeanors, Tex. Penal Code Ann. § 42.01(d), while a criminal mischief conviction may be a class A, B, or C misdemeanor and, under certain circumstances, a felony. Tex. Penal Code Ann. § 28.03(b).

More important than the statutory range of punishments is the actual punishment given, as "[t]he level of punishment imposed for a particular offense serves as a reasonable proxy for the perceived severity of the crime." Hardeman, 933 F.2d at 282. While criminal mischief can range greatly in severity, in this case it was a class C misdemeanor, the same criminal degree as most disorderly conduct

6

violations.  The actual punishment, a fine of just $182.50, is similar to the minor punishments for offenses excluded from the criminal history score under the Sentencing Guidelines.  See U.S.S.G. § 4A1.2(c)(1) (excluding offenses only if punishment was less than 1 year probation or 30 days incarceration).  Thus the punishment for the prior and listed crimes are sufficiently similar to warrant exclusion.

The Government emphasizes that criminal mischief is a property crime, while disorderly conduct is not, and argues that as a result they cannot be similar.  In fact, a comparison of the elements of the prior offense with the elements of the exempted offense, Hardeman, 933 F.2d at 282, shows both similarity and difference.[3] The offense of criminal mischief involves the intentional or knowing damage to property of another, Tex. Penal Code Ann. § 28.03(a),  and is considered a crime of violence.  See Boyd v. State, 899 S.W.2d 371, 374 n.5 (Tex. Crim. App. 1995).  Disorderly conduct occurs when a person creates a public inconvenience or annoyance, not damage to property.  Tex. Penal Code Ann. § 42.01 (a)(1)-(12).  Disorderly conduct need not be violent, but can include violent acts such as discharging a firearm in a public place.  Tex. Penal Code Ann. § 42.01(a)(9),(11).

The fact that the elements are somewhat different is not

_____

[3]Because we do not know with which elements of criminal mischief Reyes-Maya was charged, we must look to the statutory elements.

7

dispositive. See Hardeman, 933 F.2d at 281 (rejecting approach comparing only the elements of actual and listed offense). The different elements do not necessarily make criminal mischief a more serious offense than disorderly conduct, weakening the strength of the Government's argument. Moreover, while criminal mischief is a property crime, this categorization does not make exclusion inappropriate; some property crimes, such as criminal trespass, are excluded under § 4A1.2(c).

In evaluating the third and fourth Hardeman factors, level of culpability and the extent to which commission of the prior offense is more or less predictive of future crimes, the seriousness of the prior crime as reflected in the sentence must be considered. Id. at 283. The extremely light sentence noted above suggests a low level of culpability and low predictive capacity for future criminality. Id.

Assessing these factors also requires analyzing the entire episode which led to the prior conviction. See United States v. Moore, 997 F.2d 30, 34 (5th Cir. 1993) (defining "offense" as used in § 4A1.2(c) to "include[] any relevant conduct and not just the conduct charged in the indictment"). When Reyes-Maya was arrested for criminal mischief he refused to give his name, date of birth, or address. Because of his refusal to cooperate with the authorities, Appellant was also charged with failure to identify and he subsequently pleaded guilty to that charge. Reyes-Maya was

8

fined $182.50 for that offense as well.

Failure to cooperate with the authorities is suggestive of both a greater degree of culpability and increased likelihood of future criminal conduct than criminal mischief standing alone. However, the decision of the Sentencing Guidelines to exclude the similar offense of false information to a police officer from criminal history scores, see U.S.S.G. § 4A1.2(c) (excluding offense where sentence is less than 1 year probation or 30 days incarceration), suggests that the added culpability and predictive nature of future criminal conduct from the failure to identify is slight.

Given the similarity in punishments between Appellant's criminal mischief conviction and disorderly conduct and that the small fine Appellant received suggests low culpability and low predictiveness of future criminal conduct, we believe that the district court erred in not excluding this conviction from Appellant's criminal history score.

This error mandates vacating Appellant's sentence unless the error was harmless. Williams v. United States, 503 U.S. 193, 202-03 (1992). Such error is harmless only if it did not affect the selection of the sentence imposed. United States v. Corley, 978 F.2d 185, 186 (5th Cir. 1992). In this case the district judge sentenced Reyes-Maya to 70 months' imprisonment, a number within both the Category IV and Category V ranges. However, nothing in

9

the record indicates that the district court would have imposed the same sentence using the lower guideline range. Further, the district court noted that its determination on this issue "really ma[de] a difference." Accordingly, error is not harmless and we remand for re-sentencing.

**IV.**

The district court's judgment that the penalty enhancement for prior convictions need not be charged in the grand jury indictment is AFFIRMED. Because Appellant's prior criminal mischief conviction should have been excluded from his criminal history score pursuant to §4A1.2(c), the sentence is VACATED, and we REMAND for re-sentencing.