# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 02-10694
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                             Plaintiff-Appellee,

                    versus

CHRISTOPHER CHAVEZ, also known as "Chapo",

                                             Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:02-CR-5-14-C
--------------------
February 17, 2003

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Christopher Chavez appeals his sentence after a guilty-plea conviction for distribution and possession with intent to distribute less than 500 grams of cocaine and aiding and abetting. He argues that his prior conviction for assault/family violence should have been excluded from his criminal history computation because: (1) the offense is similar to the offense of "disorderly conduct or disturbing the peace," which is listed in U.S.S.G.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 4A1.2(c)(1); (2) the offense was heard in a Justice of the Peace court,[1] and (3) his plea in that case was uncounselled.[2]

An application of the factors set forth in United States v. Hardeman, 933 F.2d 278, 281 (5th Cir. 1991), demonstrates that Chavez's assault offense is not similar to the offense of disorderly conduct. The two offenses may or may not be comparable in terms of perceived seriousness and levels of culpability; the family assault crime can range up to a Class A misdemeanor, unlike disorderly conduct. Moreover, the crimes have dissimilar punishments and elements, and Chavez's assault offense indicates a higher likelihood of recurring criminal conduct than does the offense of disorderly conduct. See TEX. PENAL CODE ANN. §§ 12.21, 12.23, 12.34, 22.01, and 42.01. The majority of courts interpreting this guideline have held that assault is not excluded from a criminal history score thereby. See e.g., United States v. Horton, 158 F.3d 1227 (11th Cir. 1998). This court's recent decision in United States v. Reyes-Maya, 305 F.3d 362 (5th Cir. 2002), is not to the contrary, since it compared a different criminal statute – defining criminal mischief – to disorderly conduct under Hardeman. Accordingly, the district court did not

---

[1]Chavez provides no briefing or legal analysis supporting this argument. As such, the argument is waived. Fed. R. App. P. 28(a)(9); United States v. Green, 964 F.2d 365, 371 (5th Cir. 1992).

[2]This argument is without merit. An uncounselled guilty plea may be considered in calculating a criminal history score. United States v. Haymer, 995 F.2d 550 (5th Cir. 1993).

err in assessing Chavez a criminal history point for his prior assault conviction.  See Hardeman, 933 F.2d at 281.

**AFFIRMED.**