IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-20408
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ACOSTA-MONTES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-855-1
--------------------
February 19, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Antonio Acosta-Montes pleaded guilty to illegal reentry after deportation and was sentenced to 24 months' imprisonment and three years' supervised release. He challenges the calculation of his criminal history score as 13, placing him in criminal history category VI. Although he made no objection in the district court, he argues that the district court committed plain error by adding one criminal history point to his criminal history score for his prior conviction for criminal mischief,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

citing to this court's recent decision in <u>United States v. Reyes-Maya</u>, 305 F.3d 362, 366-68 (5th Cir. 2002).

A close review of the presentence report shows that it is unnecessary for this court to resolve this issue. Acosta-Montes had a criminal history score of 13 points, placing him in category VI. He had five prior sentences to which the probation officer assigned one criminal history point under U.S.S.G. § 4A1.1(c), four theft convictions, and the criminal mischief conviction in question. Those convictions, along with several other more serious convictions which were counted under U.S.S.G. § 4A1.1(b), gave Acosta-Montes a criminal history subtotal of 11 points. However, as the probation officer correctly noted, although Acosta-Montes had five criminal history points under U.S.S.G. § 4A1.1(c), only four were scoreable, because U.S.S.G. § 4A1.1(c) allows a total of four points to be counted. Therefore, his criminal history subtotal was reduced from 11 to 10 points. Even if the criminal mischief conviction had not been assigned a point, Acosta-Montes still had four points countable under U.S.S.G. § 4A1.1(c) for the four theft convictions which he does not challenge. Taking away a point for the criminal mischief conviction would not reduce his criminal history score or category.

Acosta-Montes also argues for the first time on appeal that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of <u>Apprendi v.</u>

New Jersey, 530 U.S. 466 (2000).  He concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but nevertheless seeks to preserve the issue for Supreme Court review.  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 490; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000)(noting that the Supreme Court in Apprendi expressly declined to overrule Almendarez-Torres).  This court must therefore follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation and citation omitted).

AFFIRMED.