United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 23, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 04-20316
Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JESUS DeLEON-GARCIA,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Southern District of Texas
(4:03-CR-422-1)**

Before JONES, BARKSDALE and PRADO Circuit Judges.

PER CURIAM:[*]

Jesus DeLeon-Garcia pleaded guilty to illegally re-entering the United States, after having been deported and convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2) (the instant offense). Appealing only his sentence, he primarily contests the addition of one criminal history point, under Sentencing Guidelines § 4A1.2(c), for his prior conviction for criminal mischief. At issue is whether criminal mischief should be excluded from the criminal history calculation. That turns on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whether the criminal mischief offense is similar to the crime of disorderly conduct, which is excludable from criminal history, under certain conditions, pursuant to Guidelines § 4A1.2(c)(1). To preserve the issues for further review, DeLeon-Garcia also raises: (1) whether, under *Alabama v. Shelton*, 535 U.S. 654 (2002), his uncounseled misdemeanor conviction for illegal entry should be included in his criminal history; and (2) whether sentencing enhancements and the federal sentencing guidelines are unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 124 S. Ct. 2531 (2004). **AFFIRMED.**

## I.

Prior to the instant offense, DeLeon-Garcia had three criminal convictions, including criminal mischief, charged as a class-B misdemeanor for which he was sentenced to 20 days in jail. The pre-sentence investigation report (PSR) recommended one criminal history point for the criminal mischief conviction. DeLeon-Garcia objected, contending, under *United States v. Reyes-Maya*, 305 F.3d 362 (5th Cir.)(2002), *cert. denied*, 537 U.S. 1145 (2003), criminal mischief is sufficiently similar to disorderly conduct that, under § 4A1.2(c)(1), it should not be included in his criminal history. The probation officer responded with an addendum to the PSR, distinguishing the criminal mischief crime committed by DeLeon-Garcia from that considered in *Reyes-Maya* and, therefore, from disorderly conduct.

2

Adopting the PSR and addendum, including the recommendation that DeLeon-Garcia's criminal history should include the criminal mischief conviction, the district court denied DeLeon-Garcia's objections. DeLeon-Garcia was sentenced, *inter alia*, to 56 months in prison.

## II.

Application of the Guidelines is reviewed *de novo*. *E.g., **United States v. Booker***, 334 F.3d 406, 412 (5th Cir. 2003).

## A.

Concerning his criminal mischief conviction, DeLeon-Garcia claims: pursuant to § 4A1.2(c)(1) and ***Reyes-Maya***, he should not receive a criminal history point for that conviction because it is similar to the listed excludable offense of disorderly conduct.

In calculating criminal history, "[s]entences for all felony offenses are counted"; those for "misdemeanor and petty offenses are counted, except as" detailed in § 4A1.2(c). U.S.S.G. § 4A1.2(c). In this regard, listed offenses, *or "offenses similar to them"*, are excluded from the criminal history unless the sentence was (1) probation of at least one year, or (2) imprisonment of at least 30 days, or (3) the prior offense is similar to the instant offense (here, illegal re-entry). U.S.S.G. § 4A1.2(c)(1) (emphasis added).

The offense of disorderly conduct is among the excludable offenses listed in § 4A1.2(c)(1); criminal mischief is *not* listed.

3

If DeLeon-Garcia's criminal mischief is similar to disorderly conduct, it is not counted in his criminal history.

To determine whether a prior offense is "similar" to a listed excludable offense under § 4A1.2(c)(1), our court "*suggest[s] a common sense approach which relies on all possible factors of similarity*". *United States v. Hardeman*, 933 F.2d 278, 281 (5th Cir. 1991) (under Texas law, driving with revoked or suspended license held similar to failure to maintain financial responsibility) (emphasis added). Factors to consider include: "a comparison of punishments imposed for the listed and unlisted offenses, the perceived seriousness of the offense as indicated by the level of punishment, the elements of the offense, the level of culpability involved, and the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct". *Id.* In *United States v. Lamm*, we recently applied the requisite common sense approach, recognizing that each offense-similarity comparison is *fact specific*. ___ F.3d ___, No. 04-10315, 2004 WL 2650710 at *2 (5th Cir. 22 November 2004) (citing *United States v. Gadison*, 8 F.3d 186, 194 (5th Cir. 1993)).

DeLeon-Garcia contends: he received only 20 days in jail for criminal mischief; his criminal-mischief offense is *not* similar to the instant illegal-reentry offense; but, it *is* similar to disorderly conduct, one of the offenses listed in § 4A1.2(c)(1). He relies on *Reyes-Maya*, in which our court held a criminal-

4

mischief offense was improperly counted because it was similar to the offense of disorderly conduct.

Under the requisite common sense and fact specific approach, DeLeon-Garcia's criminal mischief offense is distinguishable from that in **Reyes-Maya** and is not similar to disorderly conduct. Reyes-Maya paid only a small fine, while DeLeon-Garcia was sentenced to time in jail; Reyes-Maya was convicted of a Class C misdemeanor, whereas DeLeon-Garcia was convicted of a Class B misdemeanor; and criminal mischief involves property damage, whereas disorderly conduct does not. DeLeon-Garcia's throwing a bottle through an automobile's rear window while the vehicle was being driven reflects a high level of culpability and likelihood of recurring criminal conduct. DeLeon-Garcia's criminal-mischief offense involved not only destruction of property but also endangering another person's safety. Moreover, DeLeon-Garcia's criminal mischief offense, when viewed in the context of his recent criminal history, indicates a likelihood of recurring criminal conduct.

## B.

DeLeon-Garcia presents several claims in order to preserve them for Supreme Court review.

## 1.

DeLeon-Garcia asserts the district court erred in assessing a criminal history point for his prior uncounseled misdemeanor

5

illegal-entry conviction, claiming that the conviction violated *Alabama v. Shelton*, 535 U.S. 654 (2002). He acknowledges that our court, in *United States v. Perez-Macias*, 335 F.3d 421 (5th Cir.), *cert. denied*, 124 S. Ct. 495 (2003), rejected a contention that *Shelton* rendered invalid an uncounseled conviction for which the defendant had received a sentence of only probation (like DeLeon-Garcia), as opposed to probation coupled with a suspended prison sentence.

2.

For the first time on appeal, DeLeon-Garcia contends: the sentencing enhancements contained in 8 U.S.C. § 1326(b) are unconstitutional on their face, in the light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and, enhancements under the federal Sentencing Guidelines are unconstitutional under *Blakely v. Washington*, 124 S. Ct. 2531 (2004). He acknowledges relief on both of these contentions is foreclosed by Fifth Circuit precedent. *See United States v. Mancia-Perez*, 331 F.3d 464, 470 (5th Cir.), *cert. denied*, 124 S. Ct. 358 (2003) (holding *Apprendi* did not overrule *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)); *United States v. Pineiro*, 377 F.3d 464, 465 (5th Cir. 2004), *petition for cert. filed*, (U.S. July 14, 2004) (No. 04-5263) (holding *Blakely* does not apply to federal sentencing guidelines).

6

## III.

For the foregoing reasons, the judgment is

**AFFIRMED.**