United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 5, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 04-20316
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS DeLEON-GARCIA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(4:03-CR-422-1)

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES, BARKSDALE and PRADO Circuit Judges.

PER CURIAM:*

This court affirmed Jesus DeLeon-Garcia's guilty-plea conviction for illegally re-entering the United States, after having been deported and convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2); and his sentence to, *inter alia*, 56 months in prison. *United States v. DeLeon-Garcia*, 04-20316, 119 Fed. Appx. 605 (5th Cir. 23 December 2004) (unpublished). The Supreme Court granted DeLeon-Garcia's petition

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for writ of certiorari and for leave to proceed *in forma pauperis*; vacated our previous judgment; and remanded the case for further consideration in the light of ***United States v. Booker***, 543 U.S. ___, 125 S. Ct. 738 (2005). ***DeLeon-Garcia v. United States***, 125 S. Ct. 1997 (2005). We requested, and received, supplemental briefs addressing the impact of ***Booker***. Having reconsidered our decision pursuant to the Supreme Court's instructions, we reinstate our judgment affirming the conviction and sentence.

DeLeon-Garcia first raised ***Booker***-error on direct appeal; therefore, our review is only for plain error. *See **United States v. Mares***, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed*, (U.S. 31 Mar. 2005) (No. 04-9517). As DeLeon-Garcia concedes, he cannot show "that the error ... affected the outcome of the district court proceedings". ***Id.*** at 521 (quotation omitted). Accordingly, he fails the third prong of plain-error review.

DeLeon-Garcia also contends: the district court committed "structural error" when it sentenced him under a mandatory guidelines system; therefore, prejudice to his substantial rights should be presumed. He recognizes, however, that our court has rejected this contention as inconsistent with ***Mares***, *see **United States v. Malveaux***, 411 F.3d 558, 561 n.9 (5th Cir. 2005), and raises it only to preserve it for possible further review by the Supreme Court.

2

*AFFIRMED*

3