[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11621
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 12, 2011
JOHN LEY
CLERK

D. C. Docket No. 08-00040-CR-4-RH-WCS-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 12, 2011)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

Gerald Williams pled guilty to three counts of bank fraud, in violation of 18

U.S.C. § 1344, and the district court sentenced him on each count to a prison term of 151 months, the terms to run concurrently. He appeals his sentences on two grounds: (1) the district court erred in enhancing his base offense level by four levels under U.S.S.G. § 2B1.1(b)(2)(B) on a finding that his offenses involved more than 50 victims; (2) the district court, in fixing his criminal history category at III, plainly erred in assessing two criminal history points under U.S.S.G. § 4A1.2(c) for committing the misdemeanor offenses of failure to register as an ex-felon as required by Nevada law. While this appeal was pending, the district court announced that it had erred in finding that the offenses of conviction involved more than 50 victims; they involved 27 victims instead. The Government agrees and joins Williams in asking that his sentences be vacated and the case remanded for resentencing. We grant that relief after addressing Williams's second ground for reversal.

We address that ground for plain error. *United States v. Chisholm*, 73 F.3d 304, 307 (11th Cir. 1996). The plain error standard is met only if three elements are satisfied: (1) there is error, (2) the error is plain or obvious, and (3) the error affects the appellant's substantial rights. An error cannot be "plain" where there is no precedent of the Supreme Court or this court establishing the error. *United States*

*v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).[1]  But even if error that is plain has occurred, we will not upset the district court's judgment unless the error seriously affects "the fairness, integrity, or public reputation" of the defendant's sentencing proceeding.  *Id.*

Under the Guidelines, prior sentences for misdemeanors are generally counted in the defendant's criminal history score.  U.S.S.G. § 4A1.2(c); *United States v. Horton*, 158 F.3d 1227, 1227 n.1 (11th Cir. 1998).  However, under § 4A1.2(c)(1)(2008), sentences for certain enumerated offenses, and similar offenses, are only scored if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least 30 days, or (B) the prior offense was similar to the instant offense.  U.S.S.G. § 4A1.2(c)(1); *United States v. Hernandez*, 160 F.3d 661, 671 (11th Cir. 1998).  The enumerated offenses include driving with an invalid license, giving false information to a police officer, passing bad checks, trespassing, and non-support.  U.S.S.G. § 4A1.2(c)(1).  Additionally, offenses such as fish and game violations, juvenile status offenses, truancy, loitering, public intoxication, and minor traffic infractions are never scored.  *Id.* at (c)(2).  The commentary to § 4A1.2(c) directs the court to compare unlisted offenses to the enumerated offenses under a multi-factor "common sense approach," looking at

---

[1] Or the error is becomes clear because the language of the relevant statute or rule controls the district court's decision.  *Lejarde-Rada*, 319 F.3d at 1291.

(1) the punishment imposed, (2) the perceived seriousness, (3) the elements, (4) the level of culpability involved, and (5) the likelihood of recurring criminal conduct. *Id.* at. comment. n.12(A).

Under Nevada law, a "convicted person," who is either a resident or a registered nonresident, must notify local law enforcement within 48 hours of any change in address. Nev. Stat. Ann. § 179C.110; *see also id.* at § 179C.010. Failure to do so is a misdemeanor. *Id.* at § 179C.220. Williams committed the offense on two occasions.

This misdemeanor offense of failure to register as an ex-felon is not specifically excluded under the Guidelines. Williams points out similarities between the offense and the minor offenses excluded under § 4A1.2(c)(1) and (2), including the fact that he received short two-day jail sentences and that failure to register is a passive offense based on status, but these similarities did not inform the district court that is application of § 4A1.2(c) was erroneous. He cites cases from other circuits dealing with the issue, but no decision of the Supreme Court or this court—because there is none—resolving the issue. In short, nothing in the relevant precedent established that the assessment of two criminal history points under § 4A1.2(c) constitute error. Aside from the foregoing, Williams has not demonstrated that such assessment affected the public reputation, fairness, or

4

integrity of his sentencing proceeding.

In sum, Williams's second ground for reversal fails.  With this holding as part of our mandate, Williams's sentences are VACATED and the case is REMANDED for resentencing.

SO ORDERED.