# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 8, 2012

No. 11-20103

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS CARLOS ACEVEDO MORENO, also known as Luis Carlos Moreno
Acevedo, also known as Luis Acevedo Moreno, also known as Luis
Acevedo-Moreno, also known as Luis Carlos Acevedo-Moreno,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-468-1

Before KING, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Luis Carlos Acevedo Moreno ("Moreno") pleaded guilty without a plea agreement to being found illegally present in the United States after deportation and after being convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced Moreno to serve 87 months in the custody of the Bureau of Prisons to be followed by a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

three-year term of supervised release. Moreno appeals his sentence, contending that the district court erred in assessing one criminal history point for Moreno's prior Texas conviction for the misdemeanor of criminal mischief. Specifically, Moreno asserts that his prior criminal mischief conviction is similar to the offense of disorderly conduct, which, under specified circumstances, is exempted from criminal history calculations under U.S.S.G. § 4A1.2(c). We affirm.

## I. Facts & Proceedings

### A. Facts

In October 2010, Moreno pleaded guilty without a plea agreement to being illegally present in the United States after having been deported and convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). During rearraignment proceedings, Moreno admitted that he had been convicted of possession with intent to deliver cocaine in 2003 for which he was sentenced to two years of imprisonment. He also admitted that he had been removed from the United States on May 5, 2004, and again on August 11, 2004, and that he had illegally reentered the country following each occasion.

A presentence investigation report ("PSR") was prepared based on the 2010 version of the Federal Sentencing Guidelines. The PSR assigned Moreno a total offense level of 21, 13 criminal history points, and a resulting criminal history category of VI. Moreno's criminal history calculation was determined as follows: (1) two points pursuant to U.S.S.G § 4A1.1(b) for a 2002 conviction for burglary of a building,(2) three points pursuant to § 4A1.1(a) for a 2003 conviction for possession with intent to deliver cocaine,(3) two points pursuant to § 4A1.1(b) for a 2003 conviction for driving while intoxicated, (4) three points pursuant to § 4A1.1(a) for a 2005 conviction for sexual assault of a child, and (5) one point pursuant to § 4A1.1(c) for a 2005 Texas conviction for criminal mischief. Moreno's Texas conviction for criminal mischief was a Class A misdemeanor involving between $500 and $1500 in property damage for which

No. 11-20103

he was sentenced to 29 days in jail.[1]  Two more points were added to Moreno's criminal history calculation pursuant to § 4A1.1(d) because he committed the instant offense while serving a five-year term of supervised release.  His criminal history category was determined to be VI.  Based on that criminal history category and a total offense level of 21, Moreno's guidelines sentencing range was 77 to 96 months.[2]

## B. Proceedings

Moreno filed an objection to the PSR and a motion for a downward departure.  Citing to *United States v. Reyes-Maya*,[3] Moreno contended that he should not receive one criminal history point on his 2005 conviction for criminal mischief because the offense was similar to "disorderly conduct," which, under specified conditions, is excluded from criminal history calculations pursuant to U.S.S.G. § 4A1.2(c).  He asserted that, without this additional point, his criminal history category would be V and would produce a guidelines sentencing range of imprisonment of 70 to 87 months rather than 77 to 96 months.

During the sentencing hearing, the district court denied Moreno's objection to the PSR and his request for a downward departure.  Based on the factors that we discussed in *United States v. Hardeman*, the district court concluded that Moreno's conviction for criminal mischief was not sufficiently similar to disorderly conduct to warrant its exclusion from his criminal history calculation.[4]  The court distinguished the underlying facts of the instant case from those in *Reyes-Maya*, noting that Moreno's criminal mischief offense was a Texas Class

---

[1] The Texas statutory provision for criminal mischief is TEX. PENAL CODE ANN. § 28.03, and the Texas statutory provision for disorderly conduct is TEX. PENAL CODE ANN. § 42.01.

[2] U.S.S.G. Ch. 5, Pt. A (Sentencing Table, Zone D).

[3] 305 F.3d 362, 366-68 (5th Cir. 2002).

[4] 933 F.2d 278, 281 (5th Cir. 1991).

No. 11-20103

A misdemeanor, that it involved between $500 and $1500 in property damage, and that the sentence imposed for the offense was 29 days. The district court then imposed a sentence of 87 months of imprisonment, which was within the guidelines range. In appealing his sentence, Moreno claims that the one point for criminal mischief should not have been included in the calculation of his criminal history.

## II. Analysis

### A. Standard of Review

We review a district court's sentencing decisions for reasonableness under an abuse of discretion standard.[5] We "must first ensure that the district court committed no significant procedural error, such as . . . improperly calculating the Guidelines range . . . ."[6] If the district court's decision is procedurally sound, this court will then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."[7] Nonetheless, for properly preserved claims, a sentencing court's application of the Sentencing Guidelines is reviewed *de novo*, and its factual findings are reviewed only for clear error.[8]

### B. Applicable Law

In calculating criminal history, sentences for misdemeanor offenses are counted, except as provided in § 4A1.2(c). Sentences for offenses listed under §

---

[5] *Gall v. United States,* 552 U.S. 38, 46-47, 51 (2007).

[6] *Id.* at 51.

[7] *Id.*

[8] *United States v. Rodriguez*, 602 F.3d 346, 362 (5th Cir. 2010). Here, Moreno only challenges the procedural reasonableness of his sentence, *i.e.* whether the district court erred in applying the Sentencing Guidelines in calculating his criminal history. Because Moreno challenged the assessment of the criminal history point for his criminal mischief conviction in the district court on the same grounds that he raises on appeal, he has properly preserved his claim for appellate review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

No. 11-20103

4A1.2(c)(1) and for "offenses similar to them, by whatever name they are known" are excluded from the criminal history calculation unless (1) "the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days" or (2) "the prior offense was similar to an instant offense."[9] Criminal mischief is not one of the offenses enumerated in this provision.

Even though criminal mischief is not listed as an exempted offense in § 4A1.2(c)(1), Moreno's conviction for that crime would not have been includable in calculating his criminal history if criminal mischief is "similar" to one of the offenses enumerated in § 4A1.2(c)(1), of which disorderly conduct is one.[10] For the reasons stated below, we conclude that Moreno's 29-day criminal mischief offense is not similar to the offense of disorderly conduct enumerated in § 4A1.2(c)(1).

In determining whether a prior offense is "similar to" an offense enumerated in § 4A1.2(c)(1), we apply "a common sense approach which relies on all possible factors of similarity."[11] Every comparison of offenses to determine their similarity is fact-specific.[12] As set out in *United States v. Hardeman*, the factors that we consider in such an analysis include: (1) a comparison of punishments imposed for the listed and unlisted offenses, (2) the perceived seriousness of the offenses as indicated by their respective levels of punishment, (3) the elements of the offenses, (4) the levels of culpability involved, and (5) the degrees to which the commission of the offenses indicate a likelihood of recurring criminal conduct.[13]

---

[9]  U.S.S.G § 4A1.2(c)(1).

[10]  *Reyes-Maya*, 305 F.3d at 366.

[11]  *Hardeman*, 933 F.2d at 281.

[12]  *United States v. Lamm*, 392 F.3d 130, 131 (5th Cir. 2004) (citation omitted).

[13]  § 4A1.2, comment, n.12(A); *Hardeman*, 933 F.2d at 281.

No. 11-20103

Depending on the particular circumstances, a sentence for a criminal mischief conviction may be deemed sufficiently similar to one for a conviction of disorderly conduct to be excludable from a criminal history calculation under § 4A1.2(c). For example, in *Reyes-Maya*, we applied the *Hardeman* factors and determined that (1) the defendant's actual punishment for criminal mischief — a $182.50 fine — was similar to minor punishments for offenses excluded under § 4A1.2(c)(1), (2) the elements of criminal mischief and disorderly conduct were similar, in that both can involve violence, and (3) the actual sentences imposed suggest a low level of culpability and "low predictive capacity for future criminality."[14] In observing that the defendant's punishment for criminal mischief was a "small fine," we noted that "[m]ore important than the statutory range of punishments is the actual punishment given, as the level of punishment imposed for a particular offense serves as a reasonable proxy for the perceived severity of the crime."[15]

Subsequently, however, we distinguished *Reyes-Maya* in an unpublished opinion, *United States v. DeLeon-Garcia*, and ruled that, under the specific facts of that case, the Texas offense of criminal mischief was not similar to disorderly conduct.[16] In distinguishing *DeLeon-Garcia* from *Reyes-Maya*, we observed that (1) DeLeon-Garcia was sentenced to jail for 20 days; Reyes-Maya was ordered to pay a small fine, (2) DeLeon-Garcia was convicted of a Class B misdemeanor; Reyes-Maya was convicted of a Class C misdemeanor, and (3) DeLeon-Garcia's offense involved property damage, and his offense conduct — throwing a bottle out through a car's window while the car was being driven — "reflect[ed] a high

---

[14] *Reyes-Maya*, 305 F.3d at 366-67.

[15] *Id.* at 367.

[16] 119 F. App'x 605, 606-07 (5th Cir. 2004), *vacated on other grounds*, 544 U.S. 1015 (2005). Unpublished opinions issued after January 1, 1996 are not precedential but may be persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 n. 7 (5th Cir. 2006).

level of culpability and likelihood of recurring criminal conduct" and "involved not only destruction of property but also endangering another person's safety."[17]

We agree with the district court that the specific facts of Moreno's case are distinguishable from *Reyes-Maya* and that Moreno's Texas sentence for criminal mischief was properly counted in his criminal history calculation. In the sentencing hearing, the district court referenced the *Hardeman* factors and distinguished the instant case from *Reyes-Maya* on the basis that (1) Moreno was convicted of a Class A misdemeanor, but Reyes-Maya was convicted of a Class C misdemeanor, (2) Moreno was sentenced to 29 days imprisonment — just one day short of the 30 days referred to under § 4A1.2(c) — but Reyes-Maya was ordered to pay a small fine, and (3) Moreno's offense conduct involved damage to property — per the charging document — "by striking the driver's side door of [a] Ford Motor vehicle with a car jack without consent of the owner" and causing damage in an amount between $500 and $1500. We credit the district court's analysis and conclude that the instant case is similar to *DeLeon-Garcia*, in that the actual sentence imposed — in this case, 29 days imprisonment — denotes a significantly higher level of severity than does a small monetary fine.

We are satisfied that the facts of the instant case are sufficiently distinguishable from those of *Reyes-Maya* to make it inapt. Accordingly, we agree with the district court's denial of Moreno's objection to the PSR's imposition of one criminal history point for his state criminal mischief conviction.

## III. Conclusion

The judgment of the district court is, in all respects, AFFIRMED.

---

[17] *DeLeon-Garcia*, 119 F. App'x at 607.