# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 12, 2012

No. 11-50917
c/w No. 11-50930
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OVISPO MATEO DE-LOS SANTOS,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1728-1
USDC No. 2:10-CR-1291-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

In these consolidated appeals, Ovispo Mateo-De Los Santos (Mateo) challenges the revocation of the term of supervised release imposed on his 2008 conviction for making false statements in a passport application and his conviction for illegal reentry into the United States while serving the supervised release term. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50917
c/w No. 11-50930

Mateo's 2008 conviction resulted in a prison term of 24 months and a supervised release term of 24 months. Mateo's supervised release began on September 29, 2008. He was deported on October 29, 2008. Border agents arrested Mateo on August 2, 2010, for being present in the United States illegally. In January 2011, the Government petitioned to revoke Mateo's term of supervised release, alleging that Mateo had violated it by reentering the United States illegally. Mateo admitted the violations at a hearing held on September 20, 2011. An order revoking his supervised release issued on September 22, 2011. The order directed that Mateo serve 24 months in prison and a one-year term of supervised release following his imprisonment.

The hearing of September 20, 2011, resulted also in Mateo's guilty plea conviction for illegal reentry. Mateo was sentenced to serve 96 months in prison on that conviction and ordered to serve a three-year term of supervised release. The district court arrived at the sentence by adopting the presentence report (PSR) and its advisory guidelines range of 77 to 96 months. That range resulted from Mateo's total offense level of 21 and criminal history category of VI. Mateo's criminal history score of 15 resulted from, inter alia, the assignment of one criminal history point for a criminal trespass conviction in 1993 and two criminal history points because Mateo reentered while serving his term of supervised release.

We reject the contention that the district court was without jurisdiction to revoke Mateo's supervised release term and sentence Mateo on the revocation because the supervised release term was expired when the court pronounced it revoked. Mateo began his supervised release on September 29, 2008. That term was due to expire 24 months later, or on about September 28, 2010. However, Mateo was arrested on August 2, 2010, for illegal reentry. The detention following that arrest continued until September 20, 2011, the date that his supervised release was revoked. Thus, because the detention was "in connection

with [Mateo's] conviction for a Federal . . . crime" and was for a period of no less than 30 consecutive days, the term of supervised release was tolled or suspended at the time Mateo's supervised release was revoked. 18 U.S.C. § 3624(e); *see also United States v. Molina-Gazca*, 571 F.3d 470, 474 (5th Cir. 2009).

Additionally, reviewing for plain error, as Mateo concedes is appropriate, we reject Mateo's procedural challenges to the within-guidelines sentence imposed on the conviction for illegal reentry. Citing U.S.S.G. § 4A1.1(d), the PSR added two points to Mateo's criminal history score because Mateo reentered illegally while on supervised release, i.e., while under a criminal justice sentence. On its face, § 4A1.1(d) applies in this case, and Mateo cites no decision by this circuit, or any other circuit, that would support a conclusion to the contrary. Thus, any error by the district court was not plain or readily apparent. *United States v. Dupre*, 117 F.3d 810, 817 (5th Cir. 1997). Consequently, this claim does not survive plain error review. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Mateo's criminal history score would be 14 instead of 15 if the criminal history point for the criminal trespass were set aside. But as any score above 12 results in a category VI criminal history, *see* U.S.S.G. Ch.5, Sentencing Table, any error in assigning the point for the criminal trespass did not affect the calculation of the guidelines range and was consequently harmless. *See Williams v. United States*, 503 U.S. 193, 202-03 (1992); *United States v. Reyes-Maya*, 305 F.3d 362, 368 (5th Cir. 2002). Therefore, this claim fails plain error analysis, as Mateo has not shown that the error affected his substantial rights by affecting "the outcome of the district court proceedings." *Puckett*, 556 U.S. at 135 (internal quotation marks and citation omitted).

AFFIRMED.