# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2018

Lyle W. Cayce
Clerk

No. 17-41110

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FRANCISCO ALEMAN,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-629-1

Before STEWART, Chief Judge, and DENNIS and WILLETT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Francisco Aleman appeals the sentence imposed by the district court following his guilty plea conviction. For the following reasons, we affirm.

## I. Facts & Procedural History

Aleman pled guilty, pursuant to a plea agreement, to possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41110

U.S.C. § 841(a)(1), (b)(1)(B).  The plea agreement did not contain a waiver of appeal.  The presentence report (PSR) indicated that the offense occurred on April 20, 2016, when border patrol agents observed six individuals carry bundles across the Rio Grande River and approach a parked truck after entering the United States.  When agents approached, the individuals dropped the bundles and fled. Aleman, who was driving the truck, attempted to drive away but agents intercepted and arrested him. Agents ultimately determined that the bundles contained a total of approximately 156.82 kilograms of marijuana.

On August 1, 2016, Aleman, who suffers from a variety of mental and physical health issues,[1] moved for pretrial release on bond to seek medical treatment. His motion for release was granted and he was released on August 3, 2016, on an unsecured $25,000 bond. The district court issued a warrant for Aleman's arrest on December 1, 2016, when he failed to appear in court for a scheduled pretrial conference. Investigators with the Alamo Police Department found and arrested him eight months later on August 2, 2017.

Aleman entered a guilty plea on August 3, 2017, attributing his abscondence to his mental and physical illnesses.  In calculating his guidelines range, the PSR assessed a base offense level of 24 pursuant to U.S.S.G. § 2D1.1(c)(8) because Aleman was responsible for at least 100 but less than 400 kilograms of marijuana.  Aleman received a total of two criminal history points, including one point for a 2010 misdemeanor conviction under TEX. PENAL CODE § 38.02(d) for failure to identify as a fugitive from justice, for which he was sentenced to 15 days in custody.  His criminal history score of two corresponded to a criminal history category of II.  Aleman's guidelines range was restricted

---

[1] According to the record, Aleman suffers from cancer, HIV, and various other mental and physical illnesses and ailments.

2

No. 17-41110

to 60 to 71 months of imprisonment because his conviction carried a five-year statutory minimum prison term. *See* 21 U.S.C. § 841(b)(1)(B); U.S.S.G. § 5G1.1(c)(2).

Aleman filed objections to the PSR, including an objection to the criminal history point assessed for his 2010 Texas misdemeanor conviction for failure to identify as a fugitive from justice. The district court overruled Aleman's objections, adopted the PSR without change, and sentenced him to 60 months of imprisonment and four years of supervised release. Aleman appealed.

## II. Standard of Review

"Where a defendant preserves error by objecting at sentencing, as [Aleman] did here, the court's findings of fact are reviewed for clear error [and] its application of the Guidelines, de novo." *United States v. Mendez-Henriquez*, 847 F.3d 214, 218 (5th Cir. 2017).

## III. Discussion

On appeal, Aleman argues that the district court erred by assessing a criminal history point for his prior misdemeanor conviction of failure to identify as a fugitive from justice under § 38.02(d). *See* TEX. PENAL CODE § 38.02(d)(2). The parties do not dispute the facts underlying Aleman's previous § 38.02(d) offense—he had an outstanding arrest warrant when he was stopped by a police officer who had lawfully detained him, and he gave a false name to the officer in an attempt to avoid being apprehended. *See* TEX. PENAL CODE § 38.02(d)(2). He received a 15-day jail sentence for the misdemeanor conviction.

Sentences for misdemeanor offenses are counted in calculating a defendant's criminal history score, except as provided in U.S.S.G. § 4A1.2(c)(1) and (2). § 4A1.2(c); *United States v. Reyes-Maya*, 305 F.3d 362, 366 (5th Cir. 2002). Sentences for offenses listed under § 4A1.2(c)(1) and "offenses similar to them, by whatever name they are known, are counted only if (A) the sentence

3

was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense."[2] § 4A1.2(c)(1); *accord Reyes-Maya*, 305 F.3d at 366.

Aleman's specific argument here is that his misdemeanor conviction under § 38.02(d) is similar to the exempted offense of providing "false information to a police officer," one of the listed offenses under § 4A1.2(c)(1), and thus should not have been counted in the calculation of his criminal history score. To determine whether a defendant's prior offense is similar to an offense listed in § 4A1.2(c)(1), this court uses an approach outlined in *United States v. Hardeman*, 933 F.2d 278, 281 (5th Cir. 1991), which involves consideration of the following factors:

> [i] a comparison of punishments imposed for the listed and unlisted offenses, [ii] the perceived seriousness of the offense as indicated by the level of punishment, [iii] the elements of the offense, [iv] the level of culpability involved, and [v] the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

This court's opinion in *Reyes-Maya* instructs that a conviction under § 38.02 for failure to identify is similar to providing "false information to a police officer" under § 4A1.2(c)(1) when the failure-to-identify offense involves the "refus[al] to give [one's] name, date of birth, or address" to an officer when arrested. 305 F.3d at 367–68. In that case, the panel also determined that a Texas conviction for criminal mischief was similar to the offense of disorderly

---

[2] The government includes in its appellate brief a discussion of whether Aleman's § 38.02(d)(2) misdemeanor offense is not excludable under § 4A1.2(c)(1) because it is similar to his "instant offense." U.S.S.G. § 4A1.2(c)(1); *see United States v. McDonald*, 106 F.3d 1218, 1220 (5th Cir. 1997). The district court, however, did not address this issue as an alternative basis for assessing the criminal history point. Aleman, likewise, does not brief the issue on appeal. For these reasons, we decline to reach the issue here. *See Reyes v. Manor Indep. Sch. Dist.*, 850 F.3d 251, 256 (5th Cir. 2017) ("We do not consider issues brought for the first time on appeal.").

conduct under § 4A1.2(c)(1).  *See id.* at 366; *see* TEX. PENAL CODE § 28.03 (criminal mischief).  There, the court noted that "[g]iven the similarity in punishments between [Reyes-Maya's] criminal mischief conviction and disorderly conduct and that the small fine [he] received suggests low culpability and low predictiveness of future criminal conduct, we believe that the district court erred in not excluding this conviction from [his] criminal history score." *Id.* at 368.

The issue in this case, however, is whether a failure-to-identify offense is similar to providing "false information to a police officer" under § 4A1.2(c)(1) when the failure-to-identify offense was a Class A misdemeanor that entailed (1) the intentional use of a false name, rather than the mere refusal to give identifying information and (2) the existence of an outstanding arrest warrant. *See* § 38.02(b), (d)(2). A review of this court's unpublished opinions suggests that it is not. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) ("An unpublished opinion issued after January 1, 1996 is not controlling precedent, but may be persuasive authority.").

In *United States v. Arroyos-Fernandez*, 286 F. App'x 881, 884–86 (5th Cir. 2008), the prior conviction at issue was a misdemeanor conviction under 18 U.S.C. § 1028(a)(4) for possession of a false identification document with the intent to use the document to defraud the United States.  In that case, Arroyos-Fernandez committed the offense when he showed Immigration and Customs Enforcement agents a false driver's license in an attempt to demonstrate that he was in the United States legally.  *Id.* at 884.  This court evaluated whether the § 1028(a)(4) conviction was similar to providing "false information to a police officer" under § 4A1.2(c)(1).  *Id.* at 885.  We reasoned that the two offenses were not similar.  A § 1028(a)(4) violation required the calculated act of obtaining a false document in advance of any confrontation with law

enforcement, whereas a violation of § 38.02(b)[3] did not require such forethought because that section could be violated merely by verbally giving false identifying information to an officer spontaneously. *Id.* at 886. We concluded that Arroyos-Fernandez's § 1028(a)(4) conviction was not similar to a § 38.02(b) offense and thus also not similar to providing "false information to a police officer" under § 4A1.2(c)(1). *Id.*

In *United States v. Moreno*, 460 F. App'x 317, 321 (5th Cir. 2012), we distinguished *Reyes-Maya*'s determination that a Texas conviction for criminal mischief was similar to the offense of disorderly conduct under § 4A1.2(c)(1). *See Reyes-Maya*, 305 F.3d at 366. We noted that Moreno's criminal mischief conviction was a Class A misdemeanor, he was sentenced to 29 days of imprisonment (as opposed to the $182.50 fine assessed for Reyes-Maya's criminal mischief conviction), and his offense involved between $500 and $1500 in property damage caused when he struck a vehicle's door with a car jack. *Moreno*, 460 F. App'x at 321.

In *United States v. DeLeon-Garcia*, 119 F. App'x 605, 607 (5th Cir. 2004), we similarly distinguished due to the lesser punishment assessed for Reyes-Maya's criminal mischief conviction ($182.50 fine) relative to the 20-day jail sentence DeLeon-Garcia received for his criminal mischief conviction. We further reasoned that the conduct underlying DeLeon-Garcia's criminal mischief offense, throwing a bottle through an automobile's rear window while it was being driven, entailed the destruction of property and endangering another's safety and reflected high culpability. *Id.* We concluded that DeLeon-

---

[3] For guidance on defining § 4A1.2(c)(1)'s generic offense of providing "false information to a police officer," this court looked to the elements and punishment range of a failure-to-identify offense under § 38.02(b). *Id.* at 885–86. Thus, our analysis contemplated that an offense under § 38.02(b) was similar to providing "false information to a police officer" under § 4A1.2(c)(1). *See id.*

No. 17-41110

Garcia's criminal mischief conviction, when considered in the context of his recent criminal history, further indicated a likelihood of recurring conduct. *Id*.

Here, Aleman's conviction under § 38.02(d)(2) was a Class A misdemeanor and was therefore punishable by confinement in jail for up to one year and/or a fine not to exceed $4,000. *See* § 38.02(d)(2); TEX. PENAL CODE § 12.21. Aleman's actual sentence was 15 days of imprisonment, which was greater than the $182.50 fines considered in *Reyes-Maya*, and less than but close to the 20-day, 20-day, and 29-day jail sentences considered, respectively, in *Arroyos-Fernandez, DeLeon-Garcia,* and *Moreno*. The elements of Aleman's § 38.02(d)(2) offense make it more serious than those considered in *Reyes-Maya* and *Arroyos-Fernandez*. This is because § 38.02(d)(2), in addition to requiring the intentional giving of false identifying information, requires that the perpetrator be a "fugitive from justice" based on an outstanding arrest warrant. § 38.02(d)(2); *see also* § 38.01(5). Consideration of these factors supports the conclusion that Aleman's § 38.02(d)(2) offense is not similar to the § 4A1.2(c)(1) offense of providing false information to a police officer. *See Hardeman*, 933 F.2d at 281.

Aleman's case is distinguishable from *Reyes-Maya* since Aleman did not merely refuse to identify himself but instead gave a false name to a police officer while a warrant was outstanding for his arrest. 305 F.3d at 367. Moreover, Aleman's § 38.02(d)(2) offense is only one of his attempts to evade law enforcement to avoid being arrested for a crime he had previously committed. His current offense involved yet another attempt to evade authorities by attempting to flee near the border and followed by his abscondence while on pretrial bail. Aleman's repeated decisions to evade law enforcement do not lend credence to the conclusion that his actions reveal a "low predictiveness of future criminal conduct." *Reyes-Maya*, 305 F.3d at 368.

7

In light of this analysis, we conclude that Aleman's prior Texas misdemeanor § 38.02(d)(2) offense of failure to identify as a fugitive from justice is not similar to the offense of providing "false information to a police officer" as listed under U.S.S.G. § 4A1.2(c)(1), and thus was not exempt under this section of the guidelines from being used to calculate Aleman's criminal history score. The district court's calculation of Aleman's criminal history score was correct.

## IV. Conclusion

For the foregoing reasons, Aleman's sentence is affirmed.