# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 12, 2007

Charles R. Fulbruge III
Clerk

No. 06-40491
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LUIS JAVIER ALCALDE

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-337-2

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Luis Javier Alcalde appeals his 168-month sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute more than 500 grams of cocaine and possession with intent to distribute more than 500 grams of cocaine or approximately one kilogram of cocaine. Alcalde argues that the district court clearly erred in determining the quantity of drugs for which he was held accountable. At sentencing, the district court adopted the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

findings and conclusions set forth in the presentence report (PSR). Based on the corroborating statements of Alcalde's co-defendants and observations of agents from the Drug Enforcement Agency, the PSR attributed to Alcalde 1,154 kilograms of marijuana. Alcalde offered no evidence to refute these facts. See United States v. Betancourt, 422 F.3d 240, 248 (5th Cir. 2005); United States v. De Jesus-Batres, 410 F.3d 154, 164 (5th Cir. 2005). The district court's factual findings were not clearly erroneous. See United States v. Villanueva, 408 F.3d 193, 203 (5th Cir. 2005).

Alcalde next argues that the district court clearly erred by applying a two-level enhancement for his possession of a firearm during a drug trafficking offense pursuant to U.S.S.G. § 2D1.1(b)(1). Based on the factual findings set forth in the PSR, the district court determined that the enhancement was warranted because the firearms were found inside the residence where drug paraphernalia and cocaine were found, and that firearms were commonly used by drug dealers to protect drugs and drug traffickers.

Although Alcalde asserts that he kept four firearms in his residence based on a previous assault, it is not clearly improbable that the firearms were connected with the offense. See § 2D1.1, comment. (n.3). The presence of items commonly used in the drug trade inside Alcalde's residence; Alcalde's delivery to a co-defendant of one kilogram of cocaine in front of Alcalde's residence; the discovery of a firearm in close proximity to cocaine inside the residence; and the presence of four firearms in various parts of the residence indicate that Alcalde used the residence to prepare drugs for sale and to conduct drug transactions and that he used firearms to protect himself, his drugs, and his profits. See United States v. Rodriguez, 62 F.3d 723, 724-25 (5th Cir. 1995); United States v. Eastland, 989 F.2d 760, 770 (5th Cir. 1993). The district court's factual findings were plausible in light of the record as a whole and thus were not clearly erroneous. See Villanueva, 408 F.3d at 203.

Alcalde contends that the district court clearly erred by applying a two-level, managerial-role enhancement to his sentence pursuant to U.S.S.G. § 3B1.1(c) because the enhancement was based on incredible, unverified, double hearsay statements by disreputable witnesses.  Based on the factual findings in the PSR, the district court concluded that the evidence was sufficient to find that, inter alia, Alcalde recruited a co-defendant to sell cocaine and coordinated the transportation of narcotics.  Alcalde offered no evidence to refute these facts.  See Betancourt, 422 F.3d at 248.  The facts set forth in the PSR are supported by an adequate evidentiary basis, and the district court was entitled to rely on them.  See De Jesus-Batres, 410 F.3d at 164.  Accordingly, the district court did not clearly err by applying a two-level managerial-role enhancement.

Alcalde argues that the district court erred by increasing his criminal history score by two points for his commission of the instant offense while on probation pursuant to U.S.S.G. § 4A1.1(d).  As the Government correctly points out, any error in assessing Alcalde an additional two criminal history points pursuant to § 4A1.1(d) was harmless.  The Sentencing Guidelines provide that a defendant with four to six criminal history points may be assigned to criminal history category III.  See U.S.S.G. Ch. 5, Pt. A, Sentencing Table.  Absent the additional two criminal history points assessed pursuant to § 4A1.1(d), Alcalde's prior convictions merited a total of four criminal history points.  Even if Alcalde had only four criminal history points, he would still be classified in criminal history category III.  See id.  As such, Alcalde's guidelines imprisonment range would remain 168 to 210 months.  See id.  Any error by the district court in calculating Alcalde's criminal history score was harmless.  See Ahmed, 324 F.3d at 374.

For the foregoing reasons, Alcalde's sentences are AFFIRMED.