**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 8, 2013

No. 12-20240

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIA ROJAS, also known as Nancy,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-116-1

Before REAVLEY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Maria Rojas pleaded guilty to one count of sex trafficking conspiracy, one count of conspiracy to harbor illegal aliens for purposes of commercial advantage and private financial gain, and one count of illegal reentry into the United States by a previously deported alien. Her Sentencing Guidelines range was life in prison, but the district court sentenced her to 192 months. Rojas appeals her sentence, and we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20240

Rojas argues first that the district court erroneously denied her a three-point reduction in her offense level for acceptance of responsibility. She contends that she should have received the reduction based on a written statement acknowledging her ownership "of a place where there was prostitution and some of the employees were illegal and I entered into the United States illegally." She argues that the district court denied her the adjustment because she denied knowing that there were minors involved in the offense, but that such knowledge was not a necessary element under the statute of conviction, 18 U.S.C. § 1591.

In order to receive a reduction in the offense level the defendant must "clearly demonstrate[ ] acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a) (2011).[1] The defendant bears the burden of demonstrating that the reduction is warranted. *United States v. Watson*, 988 F.2d 544, 551 (5th Cir. 1993). The district court's determination as to whether a defendant has accepted responsibility is reviewed with even greater deference than the clearly erroneous standard. *United States v. Whitfield*, 590 F.3d 325, 368–69 (5th Cir. 2009). We will affirm the district court's decision unless it is without foundation. *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008).

Rojas was charged in and pleaded guilty to an indictment alleging that she and her co-defendants engaged in a conspiracy to smuggle Mexican women and girls into the United States and force them to work as prostitutes in a bar owned and controlled by Rojas. The indictment specifically charged that the offense involved minors. As part of the offense Rojas and the other defendants would have the minors obtain false identification cards and alter their appearance in order to look older. The presentence report ("PSR") also contained information showing that Rojas was a leader of the criminal offense, that she knew minor

---

[1] All citations in this opinion to the Sentencing Guidelines refer to the 2011 version that was applicable to Rojas's offenses.

No. 12-20240

girls were working at the bar as prostitutes, and that she instructed them to obtain false identification. Initially, some of the girls were smuggled into the United States with the expectation of legitimate jobs but were coerced through force or threats of force to work as prostitutes in order to repay a smuggling debt. Later, Rojas and the other defendants arranged for Mexican pimps to supply the women and girls, several of whom were beaten or threatened with violence to them and their families. The fact that the offense involved forcing minor girls to prostitute themselves was a significant component of the offense. Yet, Rojas attempted to minimize her responsibility by contending that the girls came to her of their own free will, by denying knowledge that they were minors, and by denying that she hired any of the girls. "[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." § 3E1.1, cmt. n.1(A). Rojas fails to show that the district court's denial of a reduction for acceptance of responsibility was without foundation. *See Juarez–Duarte*, 513 F.3d at 211.

Rojas next argues that the district court erroneously applied sentence enhancements for (1) the knowing misrepresentation of a participant's identity, pursuant to U.S.S.G. § 2A3.1(b)(6), and (2) a victim's sustaining serious bodily injury, pursuant to U.S.S.G. § 2A3.1(b)(4). "We review a district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error." *United States v. Nieto*, 721 F.3d 357, 371 (5th Cir. 2013).

We need not determine the applicability of the challenged sentence enhancements, however. Assuming without deciding that the enhancements were inapplicable, any resulting error was harmless because it did not affect Rojas's sentencing range. *See United States v. Chon*, 713 F.3d 812, 822 (5th Cir. 2013); *United States v. Ramos*, 71 F.3d 1150, 1158 n.27 (5th Cir. 1995).

3

Rojas's offense of sex trafficking conspiracy involved more than one minor. The Sentencing Guidelines instruct that in such cases the conduct for each minor is to be treated as a separate count of conviction, and the counts are not to be grouped together. U.S.S.G. § 2G1.3(d) & cmt. n.6. Because of this directive, the probation officer treated the conduct for each of the five minor participants alleged in count one of the indictment as a "pseudo count" and determined the offense level for each count. This yielded the following adjusted offense levels: pseudo count A, 42; pseudo count B, 38; pseudo count C, 42; pseudo count D, 38; pseudo count E, 38. Pseudo counts A, B, and C included two-level enhancements for misrepresentation, while only pseudo count A also included a two-level enhancement for serious bodily injury.[2]

The probation officer then made a multiple-count adjustment by taking the highest offense level for the pseudo-counts and increasing that level by a number corresponding to the number of "units" prescribed in the table found in U.S.S.G. § 3D1.4. The number of "units" from the table was five, which required that the highest offense level (here 42) be increased by four levels. *See* § 3D1.4(a). This resulted in a combined adjusted offense level of 46, but Rojas's offense level was treated as a level of 43 as required by the Guidelines. *See* U.S.S.G. Ch. 5, Pt. A cmt. n.2 ("An offense level of more than 43 is to be treated as an offense level of 43."). An offense level of 43, along with Rojas's criminal history category of I, yielded a Guidelines sentencing range of life.

Even assuming that the misrepresentation and bodily injury enhancements should not have been applied, Rojas's Guidelines range would not have changed. Without the above noted enhancements, the offense levels for the pseudo counts would have been as follows: pseudo count A, 38; pseudo count B,

---

[2] Rojas incorrectly asserts in her brief that pseudo counts A and C included the bodily injury enhancement. The additional two-level enhancement in pseudo count C was based on the age of the victim, not serious bodily injury.

36; pseudo count C, 40; pseudo count D, 38; pseudo count E, 38. The number of "units" (five) and the corresponding increase in the offense level (four) would have both stayed the same. *See* § 3D1.4(a). Again taking the highest adjusted offense level and adding the multiple-count adjustment from § 3D1.4, the combined adjusted offense level would have been 40 plus four, or 44. But because an offense level of 44 is above 43, Rojas's offense level would still have been treated as 43, and her Guidelines range would have remained at life. The district court here sentenced Rojas below the Guidelines range to 192 months. Because the Guidelines range would not have changed, the error, if any, was harmless. *See Chon*, 713 F.3d at 822; *Ramos*, 71 F.3d at 1158 n.27.

Finally, Rojas argues that her sentence was substantively unreasonable. We review "the reasonableness of a sentence for abuse of discretion, whether it is inside or outside the guidelines range." *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011) (citing *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)). We determine the substantive reasonableness of a sentence based on "the totality of the circumstances, granting deference to the district court's determination of the appropriate sentence based on the [18 U.S.C.] § 3553(a) factors." *United States v. McElwee*, 646 F.3d 328, 337 (5th Cir. 2011) (internal quotation marks and citations omitted).

Rojas argues that her 192-month sentence, although below the Guidelines range of life, was greater than necessary to comply with the purposes of § 3553(a) because she merely operated a bar where illegal aliens worked as prostitutes, some of whom, unbeknownst to her, lied about their age. She points out that she had zero criminal history points and will be deported after her term of imprisonment. She argues further that her sentence was disproportionate to the sentences of her co-defendants, who received sentences ranging from time served to 48 months. She concludes that her sentence represents a clear error

of judgment by the district court in balancing the sentencing factors. We disagree.

When, as here, the district court deviates from the Guidelines range, we defer to the district court's determination that the § 3553(a) factors warrant the extent of the variance. *McElwee*, 646 F.3d at 337. A variance sentence unreasonably fails to reflect the statutory sentencing factors set forth in § 3553(a) when it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

At sentencing, the Government asked for a sentence of twenty years, and Rojas argued for a sentence between 108 months and 135 months. The district court chose 192 months (16 years). Rojas objected that her sentence was greater than necessary in light of the factors set out in § 3553(a). The district court disagreed and explained in its oral colloquy and in its written statement of reasons that it viewed Rojas's offense as "an industrial operation" involving a "calculated, streamlined process" of prostitution. The court distinguished the offense from "fortuitous" commercial sex involving "some girls and a pimp." Instead, the court emphasized that Rojas's offense involved "wholesale importation" of illegal aliens specifically for purposes of prostitution. The court's comments show that it considered the nature and circumstances of the offense to be a significant factor. *See* § 3553(a). Although the court did not specifically discuss each of the § 3553(a) factors, it was not required to do so. *See Smith*, 440 F.3d at 707. The court here weighed all the § 3553(a) factors and specifically indicated in its statement of reasons that the sentence was sufficient but not greater than necessary to comply with the purposes of § 3553(a).

The district court's conclusions were well-supported by the factual basis to which Rojas pleaded guilty and information contained in the PSR, both of which showed that Rojas owned and controlled the bar where the prostitution

was occurring.  The women and minor girls were systematically smuggled into the United States or supplied by Mexican pimps and coerced under threats of harm to prostitute themselves.  Rojas and the other defendants made a minimum of $15,000 per day on Fridays, Saturdays, and Sundays by charging the girls for condoms and the use of rooms for sex.  The defendants used an elaborate system of managers to distance themselves from the day-to-day operations of the endeavor, as well as lookouts to detect the presence of law enforcement.  The information also showed that Rojas was personally aware that minors were working as prostitutes, tolerated their abuse, approved and controlled whether or not they worked at the bar, and instructed them to get false identification and change their appearance.

Furthermore, Rojas was also a leader or organizer of the criminal offense, and she concedes that she received the same sentence as her co-defendant brother, who operated the bar along with her.  The defendants who received lesser sentences largely acted in lesser roles, such as lookouts.  *See Hernandez*, 633 F.3d at 379 (noting that sentencing disparity alone is insufficient to render a sentence substantively unreasonable).

We are satisfied that the district court made an individualized assessment of the case based on all the facts presented.  *See Gall*, 552 U.S. at 50, 128 S. Ct. at 597.  Rojas's arguments essentially amount to a disagreement with the district court's balancing of the sentencing factors, which is insufficient to show that a sentence is unreasonable.  *See id.* at 51 (explaining that appellate courts will not re-weigh the sentencing factors).  Rojas has not shown that the district court failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or committed a clear error of judgment in balancing the sentencing factors when it sentenced her to 192 months instead of life in prison.  *See Smith*, 440 F.3d at 708.

AFFIRMED.