# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 14-40365
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER CASAS,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1649

————

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Javier Casas pleaded guilty to one count of possession, with intent to distribute, 100 kilograms or more of marijuana and received a within-guidelines sentence of 100 months in prison, to be followed by a five-year term of supervised release. On appeal, Casas challenges the acceptance of his guilty plea and contests his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40365

Casas maintains that his guilty plea was not knowing and voluntary because the district court failed to comply with the requirements set forth in Rule 11 of the Federal Rules of Criminal Procedure. First, he argues that the district court failed to advise him that the Government could use any false statements against him in a prosecution for perjury. Second, Casas contends that the court was compelled to—but did not—ascertain whether he was mentally capable of understanding the nature and consequences of his plea, given that the record provided evidence of his limited educational background and his history of drug and alcohol abuse. Because Casas did not object to these errors in the district court, we review for plain error. *See United States v. Vonn*, 535 U.S. 55, 58–59 (2002). Under plain error review, "[r]eversal is appropriate if the error is (1) plain, (2) affects the appellant's substantial rights, and (3) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 776 (5th Cir. 2009).

The district court erred in not advising Casas of the government's right to use any false statements against him in a prosecution for perjury. *See* Fed. R. Crim. P. 11(b)(1)(A). However, Casas has not shown that this error affected his substantial rights because he has not presented a reasonable probability that, but for the district court's error, he would not have pleaded guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Additionally, we find groundless Casas's argument that the district court failed to ensure that his guilty plea was knowing and intelligent. Contrary to Casas's contentions, the district court ascertained Casas's level of education, determined that he had not been treated for mental health issues, and verified that he had not consumed any alcohol or drugs within 48 hours prior to the

rearraignment hearing.  Casas has not shown plain error arising from the rearraignment proceedings.  *See Vonn*, 535 U.S. at 58–59.

Casas also contends that the district court erred under U.S.S.G. § 4A1.2(c)(1) in imposing one criminal history point for his Texas misdemeanor conviction for criminal mischief, for which he received a sentence of nine days in jail.  He maintains that the offense was similar to the listed offense of disorderly conduct, which is excluded from the criminal history calculation. Because Casas objected, we review the district court's interpretation of the Sentencing Guidelines de novo.  *United States v. Reyes-Maya*, 305 F.3d 362, 366 (5th Cir. 2002).  Regardless whether the district court erred by assigning one point for the Texas conviction, any error was harmless because it did not affect the sentence imposed.  *See id.* at 368.  If one point is deducted from Casas's criminal history score of eight, his criminal history category and guidelines range remain the same.  *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table. Consequently, any error in scoring the state conviction was harmless because it did not affect the sentencing range.  *See United States v. Alcalde*, 250 F. App'x 627, 629 (5th Cir. 2007).

Finally, Casas contends that counsel rendered ineffective assistance at sentencing by failing to request a downward departure based on the two-level base offense level reduction for drug offenses then proposed for the 2014 Sentencing Guidelines.  According to Casas, the Department of Justice had instructed prosecutors not to object to such a request in pending cases.  Casas did not present any ineffective assistance claim to the district court and the record is not sufficiently developed to permit review of this claim on direct appeal.  We therefore deny this claim without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir.), *cert. denied*, 135 S. Ct. 123 (2014).

No. 14-40365

Accordingly, the judgment of the district court is AFFIRMED.