**REVISED June 14, 2017**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11204
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS JIMENEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-31-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jesus Jimenez appeals his sentence of 300 months of imprisonment and five years of supervised release following his guilty-plea conviction for possessing with the intent to distribute 50 grams or more of methamphetamine. Jimenez asserts that the district court: committed reversible factual and legal error in applying the U.S.S.G. § 2D1.1(b)(5)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

methamphetamine importation enhancement; erred in failing to rule on his U.S.S.G. § 1B1.8 objection that information obtained as part of a cooperation agreement was improperly used to support the methamphetamine importation enhancement; and erred in applying the enhancement without evidence that he knew the methamphetamine was imported.[1]

We review a district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Nieto*, 721 F.3d 357, 371 (5th Cir. 2013). An error in guidelines calculations is reviewed for harmless error, but it "is harmless only if it did not affect the selection of the sentence imposed." *United States v. Lopez-Urbina*, 434 F.3d 750, 765 (5th Cir. 2005) (internal quotation marks and citation omitted). "'The Government, as the party seeking to uphold the sentence, bears the burden of demonstrating that the error was harmless.'" *Id.*

Jimenez's appellate arguments essentially challenge the propriety of the district court's application of the § 2D1.1(b)(5) enhancement, which provides for a two level increase of the offense level if the offense involved the importation of methamphetamine and the defendant is not subject to a mitigating role reduction. *See* § 2D1.1(b)(5). However, as the Government correctly asserts, even if the district court had sustained Jimenez's objection to this enhancement and reduced his offense level from 41 to 39, given his criminal history category of IV, the advisory guidelines range would nevertheless have remained at 360 to 480 months of imprisonment. *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table. Accordingly, any error in applying the § 2D1.1(b)(5) methamphetamine importation enhancement was harmless. *See United States v. Chon*, 713 F.3d 812, 824 n.7 (5th Cir. 2013) (concluding that a

---

[1] Jimenez acknowledges that this final issue is foreclosed by *United States v. Foulks*, 747 F.3d 914 (5th Cir. 2014), but he raises the issue to preserve it for further review.

sentencing guidelines calculation error is harmless if it does not affect the guidelines range); *United States v. Casas*, 591 F. App'x 258, 259 (5th Cir. 2015) (same).

Because the Government has established that the district court's application of the § 2D1.1(b)(5) methamphetamine importation enhancement was harmless, we need not consider Jimenez's challenge to the propriety of that enhancement. *See United States v. Rojas*, 541 F. App'x 449, 451-52 (5th Cir. 2013). The judgment of the district court is AFFIRMED.